O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV10-08185 ODW (FFMx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order GRANTING Defendants' Motion to Dismiss Plaintiff's Complaint [9] (Filed 11/22/10)**

## I.   INTRODUCTION

Pending before the Court is Defendants, JPMorgan Chase Bank, N.A. ("JPMorgan") and California Reconveyance Company's ("CRC") (collectively, "Defendants"), Motion to Dismiss Plaintiff, Daryoush Javaheri's ("Plaintiff") Complaint.  (Dkt. # 9.)  Plaintiff filed an Opposition on December 18, 2010 (Dkt. # 14) to which Defendants filed a Reply on December 23, 2010 (Dkt. # 18).  Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  For the following reasons, Defendants' Motion is **GRANTED**.

## II.   FACTUAL BACKGROUND

This case arises out of a mortgage loan obtained by Plaintiff from Washington Mutual Bank ("WaMu"). (Compl. ¶¶ 8, 11.)  The mortgage loan was secured by a deed of trust encumbering Plaintiff's property located at 10809 Wellworth Los Angeles, California (the "Subject Property").  (*Id.* ¶¶ 8, 11.)  WaMu was designated as the lender and beneficiary under the agreement with Chicago Title Company as the trustee.  (*Id.* ¶ 11.)  Plaintiff alleges that during the loan origination process, "[h]e was not given an opportunity to review the [loan] documents, other than to quickly initial or sign various pages."  (*Id.* ¶ 9.)

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# **CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

On September 25, 2008, the Office of Thrift Supervision ("OTS"), which regulates the operations of federally chartered savings associations, closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver for WaMu. (Dkt. # 10, Ex. 1.)[1] On September 25, 2008, the same date that the FDIC was appointed as Receiver, the bulk of WaMu's assets were transferred to Defendant JPMorgan pursuant to a Purchase and Assumption Agreement ("P & A Agreement") between the FDIC-Receiver and JPMorgan. (Dkt. # 10, Ex. 2.) Article 2.5 of the P &A Agreement expressly provides that JPMorgan did not assume the potential liabilities associated with claims of WaMu's borrowers.[2] Rather, borrowers are required to direct such claims to the FDIC.

Presumably, Plaintiff did not make his loan payments because on May 14, 2010, Defendant CRC recorded a Notice of Default ("NOD"). (Compl. ¶ 13.) A Declaration of Compliance accompanying the NOD identified JPMorgan as the "undersigned mortgagee, beneficiary, or authorized agent." (*Id.*) On October 15, 2010, CRC recorded

---

[1] When the FDIC is appointed as Receiver, it succeeds to "all rights, titles, powers and privileges of" the failed institution, and may "take over the assets of and operate" the failed institution with all of the powers thereof. 12 U.S.C. §§ 1821(d)(2)(A)(I), 1821(d)(2)(B)(I). The FDIC-Receiver's powers under this statute include the power to transfer assets and liabilities of the failed institution through purchase and assumption agreements. *See id.* § 1821(d)(2)(G)(I).

[2] Specifically, Article 2.5 states:

> Borrower Claims. Notwithstanding anything to the contrary in this Agreement, any liability associated with borrower claims for payment of or liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower, whether or not such liability is reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, legal or equitable, judicial or extra-judicial, secured or unsecured, whether asserted affirmatively or defensively, related in any way to any loan or commitment to lend made by the Failed Bank prior to failure, or to any loan made by a third party in connection with a loan which is or was held by the Failed Bank, or otherwise arising in connection with the Failed Bank's lending or loan purchase activities are specifically not assumed by the Assuming Bank.

(Dkt. # 10, Exh. 2 at 9.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

a Notice of Trustee's Sale. (Compl. ¶¶ 13, 14.)

Subsequently, on October 29, 2010, Plaintiff filed a Complaint in this Court, asserting ten causes of action against Defendants.[3] Despite the terms of the P & A Agreement, Plaintiff claims that Defendant JPMorgan is liable for WaMu's alleged violations of both federal and state law at the origination of the loan. (Compl. ¶¶ 9, 31, 36-49.) Plaintiff further alleges that Defendants wrongfully foreclosed on his property. Specifically, Plaintiff claims that JPMorgan is not the owner, holder, or beneficiary of the Note and therefore cannot legally foreclosure on the Subject Property and that CRC breached its fiduciary duty to Plaintiff by not recording the alleged transfer of interest from WaMu to JPMorgan. (Compl. ¶¶ 17, 18.) Defendants now bring the instant Motion to Dismiss the Complaint in its entirety.

## III. DISCUSSION

### A. Legal Standard

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where

---

[3] The ten causes of action are for: (1) wrongful foreclosure; (2) violation of California Civil Code section 2923.5; (3) unjust enrichment; (4) violations of the Real Estate Settlement Procedures Act and the Truth in Lending Act; (5) no contract; (6) fraud and concealment; (7) quiet title; (8) Declaratory and injunctive relief; (9) slander of title; and (10) intentional infliction of emotional distress. (Compl. at 1.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal citation and quotation marks omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering material within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) and *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

**B.    Defendants' Requests for Judicial Notice**

In support of their Motion to Dismiss, Defendants request that the Court take judicial notice, pursuant to Federal Rules of Evidence §§ 201(b), 201(c), and 201(d), of the following documents:

1. Office of Thrift Supervision Order directing FDIC to act as Receiver of Washington Mutual, stored and available to the public for retrieval and review at www.files.ots.treas.gov/680024.pdf.

2. The Purchase and Assumption Agreement between the FDIC, Receiver of Washington Mutual Bank, Henderson, Nevada ("FDIC") and JPMorgan, dated as of September 25, 2008, and stored and available to the public for retrieval and review at www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf.

(Dkt. # 10.) The Court finds that judicial notice is appropriate as to both documents. "Government reports and publications, including information on the Department of the Treasury and the FDIC's official websites [are] judicially noticeable." *Lemperle v. Wash. Mut. Bank*, No. 10cv1550-MMA (POR), 2010 WL 3958729, at *3 (S.D. Cal. Oct. 7, 2010); *see also Peruta v. County of San Diego*, 678 F. Supp. 2d 1046, 1054 n.8 (S.D. Cal. 2010) (stating that courts may properly take judicial notice of documents appearing on

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

governmental websites) and *Miller v. Cal. Reconveyance Co.*, No. 10-CV-421-IEG (CAB), 2010 WL 2889103, at *2-3 (S.D. Cal. July 22, 2010) ("The Court will take judicial notice of the P & A Agreement between JPMorgan and the FDIC . . . because this agreement is a matter of public record whose accuracy cannot reasonably be questioned."). Accordingly, the Court **GRANTS** Defendants' request for judicial notice as to both documents.

### C. Defendant JPMorgan's Liability

As a threshold matter, the Court addresses Defendants' argument that Plaintiff's claims based on the alleged wrongdoings of WaMu fail because JPMorgan did not assume WaMu's liabilities associated with borrower claims.

Federal courts in this circuit agree that, because JPMorgan expressly disclaimed assumption of liability arising from borrower claims against WaMu, those actions which predate the P & A Agreement cannot be brought against JPMorgan. *See St. James v. JP Morgan Chase Bank Corp.*, No. 10cv1893-IEG (NLS), 2010 WL 5349855, at *2-3 (S.D. Cal. Dec. 21, 2010); *Khast v. Wash. Mut. Bank*, No. 10-CV-2168-IEG (JMA), 2010 WL 5115094, at *1-3 (S.D. Cal. Dec. 9, 2010); *Caravantes v. Cal. Reconveyance Co.*, No. 10-CV-1407-IEG (AJB), 2010 WL 4055560, at *3-4 (S.D. Cal. Oct. 14, 2010); *Lemperle*, 2010 WL 3958729, at *3-4; *Miller v. Cal. Reconveyance Co.*, No. 10-CV-421-IEG (CAB), 2010 WL 2889103, at *2-3 (S.D. Cal. July 22, 2010); *Gusenkov v. Wash. Mut. Bank, FA*, No. C 09-04747 SI, 2010 WL 2612349, at *2-3 (N.D. Cal. June 24, 2010); *Hilton v. Wash. Mut. Bank*, No. C 09-1191 SI, 2009 WL 3485953, at *2-3 (N.D. Cal. Oct 28, 2009). Rather, these claims must be addressed to the FDIC. *See id.* Accordingly, to the extent Plaintiff's claims pre-date the P & A Agreement, JPMorgan is not liable, and these claims are **DISMISSED WITH PREJUDICE**.

### D. Federal Claims: TILA and RESPA

Plaintiff's fourth cause of action alleges violations of the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"). (Compl. ¶¶ 30-35.) The court will address each in turn.

With respect to the TILA claim, Plaintiff claims that "WaMu and its agents made

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

material representations and omissions with respect to the terms of Plaintiff's loan in violation of [TILA]." (Compl. ¶ 31.) Further, Plaintiff avers that, in violation of TILA, "WaMu concealed terms of the loan . . . and Plaintiff did not receive any documents from WaMu after his meeting to sign documents." (*Id.*) Plaintiff only alleges TILA violations based on WaMu's actions. Because WaMu is not a defendant in the present case and, as stated above, WaMu's actions cannot be imputed to JPMorgan or CRC, Plaintiff's TILA claim fails and is hereby **DISMISSED WITH PREJUDICE**. Likewise, Plaintiff's RESPA claims deriving from the origination of the loan are **DISMISSED WITH PREJUDICE**. However, the Court must separately address Defendants' actions after the P & A Agreement which allegedly violate RESPA.

RESPA, 12 U.S.C. § 2605(e), requires that loan servicers timely respond to qualified written requests ("QWRs") from borrowers. A QWR is defined as

> a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that – (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). If a borrower has submitted a QWR, the loan servicer must take certain action no later than 60 days from receipt of the QWR. Specifically, the loan servicer must:

> (A) make appropriate corrections in the account of the borrower . . . and transmit to the borrower a written notification of such correction . . . ;
>
> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes – (i) . . . a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

> (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes – (i) information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and (ii) the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

12 U.S.C. § 2605(e)(2). In individual cases, failure to comply with these provisions subjects the loan servicers to liability in an amount equal to any actual damages to the borrower as a result of the failure. 12 U.S.C. § 2605(f)(1)(A). Many courts have held that to recover actual damages a plaintiff must allege pecuniary loss. *See, e.g., Caravantes,* 2010 WL 4055560, at *4; *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010); *Amaral v. Wachovia Mortgage Corp.*, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010); *Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp. 2d 895, 909 (C.D. Cal. 2009). Additionally, in the case of a pattern or practice of noncompliance, courts may award statutory damages in an amount not to exceed $1,000. 12 U.S.C. § 2605(f)(1)(B).

Plaintiff contends that on October 12, 2010, he "requested a copy of his loan application and promissory note at a [JPMorgan branch]." (Compl. ¶ 33.) As of the date of the Complaint, Plaintiff states that no such documents were received. (*Id.*) Further, Plaintiff claims that "Defendants have engaged in a practice of non-compliance with RESPA, including failing to respond to properly submitted [Qualified Written Requests]." (*Id.* ¶ 34.) Such failures have allegedly caused Plaintiff to suffer actual damages

> in that he is unable to ascertain the basis for Defendants' claims to his property, he cannot identify the owner of [sic] the beneficiary of the Note, he cannot determine whether his payments to WaMu were paid to the beneficiary, and he has no evidence upon which to conclude that Defendants are acting in good faith with lawful authority in their attempts to foreclose the Property.

(*Id.* ¶ 35.)

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

    Plaintiff's RESPA claim fails for two reasons. First, Plaintiff's Complaint fails to allege that his request constitutes a QWR under section 2605 (e)(1)(B). While Plaintiff states that he requested a copy of his loan application and promissory note, he does not allege that his request was made in writing nor can the Court find a copy of the purported QWR in the record. Further, Plaintiff fails to allege that he provided identifying information sufficient for JPMorgan to locate his loan documents. Rather, Plaintiff simply states that he made the request in a branch store. As pleaded, this allegation is insufficient to trigger action on the part of Defendants under section 2605(e).

    Second, Plaintiff's claim fails to properly allege that he has suffered damages as required under section 2605(f). Defendants contend that the RESPA claim fails because "no pecuniary loss is alleged." (Mot. at 11.) The Court agrees. Nonpecuniary losses, such as the inability to ascertain the real party in interest, do not qualify under section 2605(f). *Lal*, 680 F. Supp. 2d at 1223. Further, Plaintiff only states in conclusory fashion that "Defendants have engaged in a practice of non-compliance with RESPA." (Compl. ¶ 34.) These general allegations do not "raise [his] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949-50.

    Because Plaintiff's allegations fall short, his RESPA claim with respect to Defendants' actions after the P & A Agreement is **DISMISSED WITHOUT PREJUDICE**.

    **E.**     **Jurisdiction Over State Law Claims**

    In addition to his federal claims, Plaintiff has alleged various state law claims. Plaintiff contends that the Court has jurisdiction over his case pursuant to 28 U.S.C. section 1331 (federal question jurisdiction) and pursuant to 28 U.S.C. section 1332(b) (diversity jurisdiction).

    Based upon the Court's dismissal of the TILA and RESPA claims, and the limited leave to amend granted on the RESPA section 2605(e) claim, it is unclear whether Plaintiff will be able to state a federal claim under 28 U.S.C. section 1331. Until such time as Plaintiff can establish a federal claim, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | January 11, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

*Lemperle*, 2010 WL 3958729, at *5 (citing *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) and *San Pedro Hotel Co. v. City of L.A.*, 159 F.3d 470, 478 (9th Cir. 1998)).

Additionally, although Plaintiff concludes that diversity jurisdiction exists in this case, he has failed to establish it. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof"). It is well-settled that in a diversity action no plaintiff can be a citizen of the same state as any defendant. *See, e.g., Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1095 (9th Cir. 2004); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001). Plaintiff, a citizen of California, alleges that CRC, also a citizen of California, among other things engaged in acts of forgery, (Compl. ¶ 3), and breached its fiduciary duty to Plaintiff (*Id.* ¶ 17). The "congressional grant of diversity jurisdiction is to be strictly construed" and any doubts are resolved against finding jurisdiction. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983); *China Basin Properties, Ltd. v. One Pass, Inc.*, 812 F. Supp. 1038, 1039 (N.D. Cal. 1993). Therefore, because Plaintiff and CRC are citizens of the same state, the Court finds that complete diversity is lacking and Plaintiff has failed to carry his burden to establish diversity jurisdiction.

Consequently, the Court will not, at this time, engage in a detailed analysis of Plaintiff's state law claims.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff shall have twenty (20) days from the date of this Order to amend his Complaint. If Plaintiff fails to do so, all claims will be dismissed with prejudice.

**IT IS SO ORDERED**.

--- :  0
 -    0

Initials of Preparer    RGN