O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [23] (Filed 02/17/11)

## I. INTRODUCTION

Pending before the Court is Defendant, JPMorgan Chase Bank, N.A.'s ("JPMorgan"), Motion to Dismiss Plaintiff, Daryoush Javaheri's ("Plaintiff"), First Amended Complaint ("FAC"). (Dkt. No. 23.) Plaintiff filed an Opposition on February 28, 2011, to which JPMorgan filed a Reply on March 7, 2011. (Dkt. Nos. 25, 26.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. FED. R. CIV. P. 78; L.R. 7-15. For the following reasons, JPMorgan's Motion is **GRANTED**.

## II. FACTUAL BACKGROUND

This case arises out of a mortgage loan obtained by Plaintiff from Washington Mutual Bank ("WaMu"). (FAC ¶¶ 7, 10.) The mortgage loan was secured by a deed of trust encumbering Plaintiff's property located at 10809 Wellworth Los Angeles, California (the "Subject Property"). (*Id.*) WaMu was designated as the lender and beneficiary under the agreement, and California Reconveyance Company ("CRC") is the current trustee. (*Id.* ¶ 10.) Plaintiff alleges that during the loan origination process, "[h]e was not given an opportunity to review the [loan] documents, other than to quickly initial or sign various pages." (*Id.* ¶ 8.) On September 25, 2008, the Office of Thrift Supervision ("OTS") closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as Receiver for

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

WaMu. (Dkt. No. 10, Exh. 1.) On that date, the bulk of WaMu's assets were transferred to JPMorgan pursuant to a Purchase and Assumption Agreement ("P & A Agreement") between the FDIC-Receiver and JPMorgan. (Dkt. No. 10, Exh. 2.)

On May 14, 2010, CRC recorded a Notice of Default ("NOD"), and a Declaration of Compliance accompanying the NOD identified JPMorgan as the "undersigned mortgagee, beneficiary, or authorized agent." (FAC ¶ 12.) On October 15, 2010, CRC recorded a Notice of Trustee's Sale. (FAC ¶¶ 12, 13.) Subsequently, on October 29, 2010, Plaintiff filed a Complaint in this Court, asserting ten causes of action against JPMorgan and CRC. On January 11, 2011, the Court granted JPMorgan and CRC's joint Motion to Dismiss the Complaint. (Dkt. No. 20.) On January 3, 2011, however, Plaintiff filed his FAC against JPMorgan, alleging seven causes of action for: (1) wrongful foreclosure; (2) violation of California Civil Code section 2923.5; (3) restitution; (4) no contract; (5) quiet title; (6) declaratory and injunctive relief; and (7) intentional infliction of emotional distress. (FAC at 1.)[1] The gravamen of Plaintiff's FAC is that JPMorgan is not the owner, holder, or beneficiary of the note, and therefore cannot legally foreclose on the Subject Property. (FAC ¶¶ 16, 17.) JPMorgan now brings the instant Motion to Dismiss the FAC in its entirety.

### III.   DISCUSSION

#### A.   Legal Standard

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal

---

[1] The FAC does not name CRC as a defendant.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# **CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

quotation and citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal quotation and citation omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## B. Plaintiff's First Claim for Wrongful Foreclosure and Fifth Claim to Quiet Title

Plaintiff's first claim for wrongful foreclosure and fifth claim to quiet title are based on his allegations that: (1) JPMorgan does not own the note and (2) JPMorgan cannot produce an original promissory note. (FAC ¶ 17, 18.) The Court will address each allegation separately.

First, in support of his conclusion that JPMorgan does not own the note, Plaintiff alleges that before JPMorgan acquired WaMu's assets, "WaMu transferred all beneficial interest in the loan to a private investor." (FAC ¶ 15.) This allegation can only be characterized as a "legal conclusion couched as a factual allegation" which the Court is not bound to accept. *Twombly*, 550 U.S. at 556. Indeed, such an allegation does not "raise a right to relief above the speculative level." *Id.* at 555. Plaintiff further alleges that no one has recorded a transfer of beneficial interest in the Note to [JPMorgan]." (FAC ¶ 16.) The transfer of interest to JPMorgan, however, is evidenced in documents of which the Court has already taken judicial notice – namely, the OTS Order and the P&A Agreement.[2] "The

---

[2] In conjunction with its Motion to Dismiss, JPMorgan requests that the Court take judicial notice of two documents. (Dkt. No. 24.) The Court has already granted judicial notice as to these documents and, to the extent it considers them in the context of the instant Motion, it need not grant

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

[C]ourt need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell*, 266 F.3d at 988 (internal citations omitted). In light of the foregoing, Plaintiff's claims based on the allegation that JPMorgan does not own the note are without merit.

Second, as to Plaintiff's claim that JPMorgan cannot produce an original promissory note, California Civil Code section 2924, which sets forth the requirements for non-judicial foreclosure, merely provides that "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence foreclosure upon the fulfillment of several requirements. CAL. CIV. CODE § 2924. Nothing in this statute requires the entity initiating foreclosure to have physical possession of the note. Indeed, courts have uniformly found that "physical possession of the original promissory note is not a pre-requisite to initiating foreclosure proceedings." *Nguyen v. LaSalle Bank Nat'l Ass'n*, No. SACV 09-0881-DOC, 2009 WL 3297269, at *3 (C.D. Cal. Oct. 13, 2009) (citing CAL. CIV. CODE § 2924(a)(1)); *see also Putkkuri v. Recontrust Co.*, No. 08cv1919, 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009); *Candelo v. Ndex West, LLC*, No. CVF 08-1916, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008); *Neal v. Juarez*, No. 06cv0055, 2007 WL 2140640, at *8 (S.D. Cal. July 23, 2007). Therefore, Plaintiff's claims based on the allegation that JPMorgan cannot produce an original promissory note are without merit.

In light of the foregoing, the Court finds that Plaintiff's claim predicated on the argument that JPMorgan does not own the note or cannot produce a original promissory note, as alleged, is insufficient to survive a motion to dismiss. Accordingly, the Court **DISMISSES** Plaintiff's first claim for wrongful foreclosure and fifth claim to quiet title.

  **C.** **Plaintiff's Second Claim for Violation of California Civil Code § 2923.5**

Plaintiff alleges that JPMorgan violated California Civil Code section 2923.5 because the Declaration of Compliance, (FAC, Exh. 2), was signed by a person who did not have personal knowledge of the facts contained therein. (FAC ¶ 25, 26.) However, section

---

judicial notice again. (*See* Dkt. No. 20 (finding that judicial notice was appropriate for the P & A Agreement between JPMorgan and the FDIC because it is a matter of public record whose accuracy can not reasonably be questioned and it is a government report published on the FDIC's official website).)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

2923.5 merely requires "a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)." CAL. CIV. CODE § 2923.5(b). Courts agree that nothing in this statute requires that a declaration be signed by a person with personal knowledge. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. July 9, 2009). Accordingly, the Court **DISMISSES** Plaintiff's second claim for violation of California Civil Code section 2923.5.

### D.     Plaintiff's Third Claim for Restitution

Plaintiff seeks restitution by alleging that JPMorgan was unjustly enriched by "any payments he made to JPMorgan that were not paid to the beneficiary." (FAC ¶ 35.) As a preliminary matter, neither restitution nor unjust enrichment is a cause of action. *See Melchior v. New Line Prods., Inc.,* 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment. . . . It is synonymous with restitution."). However, even if unjust enrichment were a cause of action, Plaintiff's claim would fail because his argument is based on his assertion that JPMorgan is not the owner, a holder, or a beneficiary under the note. As the Court noted above, any claim predicated on this assertion has been insufficiently alleged. Accordingly, the Court **DISMISSES** Plaintiff's third claim for restitution.

### E.     Plaintiff's Fourth Claim for "No Contract"

Plaintiff alleges that no enforceable contract was formed between WaMu and Plaintiff as there was no meeting of the minds. Specifically, Plaintiff contends that he "expected that he would borrow money from WaMu, . . . pay it back, and then . . . own the Property," while "WaMu expected that Plaintiff . . . would not be able to pay it back, and then WaMu or the investors would own the Property." (FAC ¶ 43.) (*Id.*)

While Plaintiff frames his claim as one based on the absence of a contract, his allegations indicate that he is, in fact, alleging fraud. Specifically, Plaintiff alleges that his "participation in the mortgage contract was procured by overt and covert misrepresentations and nondisclosures," and "WaMu did not disclose to Plaintiff that it committed underwriting fraud by altering Plaintiff's loan application." (FAC ¶ 46; Opp'n at 15.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

When stating a claim for fraud, Federal Rule of Civil Procedure 9(b) employs a heightened pleading standard, which requires a party to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). The plaintiff's allegations must enable the defendant to "prepare an adequate answer[.]" *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986); *see Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973). In that regard, proper identification of the circumstances entails "specif[ication of] such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Additionally, "[i]n a fraud action against a corporation, a plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Saldate v. Wilshire Credit Corp.* 686 F. Supp. 2d 1051, 1065 (2010) (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

Here, Plaintiff's conclusory allegations with regard to WAMU's alleged fraudulent scheme fall exceedingly short of the Rule 9(b) requirements. Plaintiff utterly fails to identify any facts regarding Wamu's supposed expectations and its misrepresentations. Without information regarding the "times, dates, places, and benefits received, and other details of the alleged fraudulent activity[,]" Plaintiff's claim must fail. *See Neubronner*, 6 F.3d at 672. Accordingly, the Court **DISMISSES** Plaintiff's fourth claim.

**F.     Plaintiff's Sixth Claim for Declaratory and Injunctive Relief**

**1.     Declaratory Relief**

Plaintiff's sixth claim for declaratory relief seeks a judicial determination of his rights and duties as to the note, and JPMorgan's rights as to the foreclosure on the Subject Property. (FAC ¶ 57.)

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Jurisdiction to award declaratory relief exists only in a case of actual controversy." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). Consequently, the Ninth Circuit

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

instructs district courts to first determine whether there is an actual controversy within its jurisdiction. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). If the court finds that an actual controversy exists, it must next decide whether to exercise its jurisdiction by analyzing the factors enumerated in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).[3]

Here, Plaintiff contends an actual controversy has arisen in: (1) whether JPMorgan is the present owner and beneficiary of the note; (2) whether JPMorgan is entitled to sell the Property; and (3) whether CRC is a trustee duly authorized to file a Notice of Default or a Notice of Trustee's Sale. (FAC ¶ 56.) As the Court noted above, any claim predicated on the assertion that JPMorgan is not the owner, a holder, or a beneficiary under the note, and has no right to foreclose the Subject Property has been insufficiently alleged. Because Plaintiff's contentions of actual controversy all arise from this assertion, the Court finds that an actual controversy does not exist and it need not discuss the *Brillhart* factors. Accordingly, the Court **DISMISSES** Plaintiff's sixth claim for declaratory relief.

### 2. Injunctive Relief

Plaintiff seeks a Temporary Restraining Order and Preliminary Injunction restraining JPMorgan from conducting a Trustee's Sale of the Subject Property during the pendency of this action. (FAC, Prayer ¶ 1; Opp'n at 21.) The Court was already presented with this issue on October 29, 2010 and denied Plaintiff's ex parte application for temporary restraining order and preliminary injunction. (Dkt. No. 6.)

Plaintiff also seeks that JPMorgan "be forever enjoined and restrained" from selling the Subject Property. (Prayer ¶ 2.) "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993). Here, Plaintiff's causes of action on which the requested permanent injunction rely have all been dismissed. Consequently, the Court **DISMISSES** Plaintiff's sixth claim until such time as he can establish the underlying liability required for a permanent injunction.

---

[3] The *Brillhart* factors require the Court to (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Brillhart*, 316 U.S. at 495.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | March 24, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

### G. Plaintiff's Seventh Claim for Intentional Infliction of Emotional Distress

In order to successfully plead a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (citing *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (as amended)). "Outrageous" conduct is that which is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 856.

Here, Plaintiff simply makes conclusory statements that "the acts and omissions of the Defendants, and each of them, constitute extreme and outrageous conduct," and that JPMorgan "engaged in such conduct either intentionally or with reckless disregard as to the effect on Plaintiff." (FAC ¶ 63, 64.) These allegations are "mere labels and conclusions" and "formulaic recitation of the elements," which fail to meet the requisite pleading standard. *Twombly*, 550 U.S. at 555. Accordingly, the Court **DISMISSES** Plaintiff's seventh claim for intentional infliction of emotional distress.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff shall have twenty (20) days from the date of this Order in which to amend his Complaint, provided that he can, in good faith, allege sufficient *facts* to support his claims. If Plaintiff fails to do so, all claims against WaMu will be dismissed with prejudice.

**IT IS SO ORDERED**.

|  | ---- | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | RGN | |