1  THEODORE E. BACON (CA Bar No. 115395)
   tbacon@AlvaradoSmith.com
2  FRANCES Q. JETT (CA Bar No. 175612)
   fjett@AlvaradoSmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  633 W. 5th Street, Suite 1100
   Los Angeles, California 90071
5  Tel: (213) 229-2400
   Fax: (213) 229-2499
6
7  Attorneys for Defendant
   JPMORGAN CHASE BANK, N.A.,

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DARYOUSH JAVAHERI, | CASE NO.: CV-10 8185 ODW (FFMx) |
| Plaintiff, | JUDGE:   Hon. Otis D. Wright II |
| v. | **DEFENDANT JPMORGAN BANK, N.A.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| JPMORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE CO., and DOES 1-150, inclusive, | |
| Defendants. | Courtroom:   11<br>DATE:   June 6, 2011<br>TIME:   1:30 P.M. |
| | Action Filed:   October 29. 2010 |

Defendant JPMorgan Chase Bank, N.A., ("JPMorgan") hereby replies to the Opposition ("Opposition") of plaintiff Daryoush Javaheri ("Plaintiff") to Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC").

///
///
///
///

1

2087195.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Plaintiff's Opposition fails to resolve any of the deficiencies identified in the Motion to Dismiss ("Motion"). In fact, Plaintiff's Opposition does nothing more than demonstrate that he has not pled sufficient facts to support his claims and that his claims are not supported by the law. Plaintiff has now had three attempts to plead his claims. It is obvious that no matter how many attempts Plaintiff is given, he simply cannot sufficiently plead any of his claims.

The gravamen of Plaintiff's SAC, as well as his Opposition, continues to be based on Plaintiff's argument that Defendant has not proved that JPMorgan acquired Washington Mutual Bank's interest in the subject loan. Such argument is disingenuous at best.

While ignoring the fact, as admitted to by Plaintiff himself, that he is in default on his $2.6 million loan, Plaintiff unsuccessfully hinges his Opposition on his claim that JPMorgan is not the original lender, "has not produced an original promissory note", and therefore not entitled to foreclose. Rather than addressing the actual shortcomings of his claims, Plaintiff spends a great deal of time in his Opposition discussing entirely irrelevant acronyms and reports. (See, Opposition generally.)

Plaintiff's lengthy recitation of what "CUSIP" stands for and reference to consent orders that have no bearing on the Subject Loan, is again of no consequence to Plaintiff's actual claims. Nor can Plaintiff escape the fact that he has defaulted on a $2.6 million loan.

Rather than curing the defects in Plaintiff's SAC, Plaintiff's Opposition only serves to demonstrate the weaknesses of Plaintiff's claims. As set forth below, Plaintiff's arguments fail, and JPMorgan's Motion to Dismiss should be granted in its entirety without leave to amend.

///
///

2

2087195.1

## II. PLAINTIFF'S FIRST, SECOND, AND FIFTH CLAIMS FAIL SINCE JPMORGAN HAD THE RIGHT TO FORECLOSE AND COMPLIED WITH STATE LAW

### A. JPMorgan Acquired the Loan from the FDIC

This Court has already clearly opined that "the transfer of interest to JPMorgan, however, is evidenced in documents of which the Court has already taken judicial notice – namely, the OTS Order and P&A Agreement." JPMorgan's Request for Judicial Notice ("RJN"), Exhibit C, p. 3. Despite this unequivocal ruling from the Court, Plaintiff continues to desperately cling to his argument that JPMorgan "is not the Lender" and "has no right to foreclose." (Opposition, pp. 1, 2.) Nothing has changed since the last time the Court considered and rejected this argument.

Further, this Court has already found that "Plaintiff's claims based on the allegation that JPMorgan does not own the note are without merit." RJN, Exhibit C, p. 4. This confirms that JPMorgan had the right to foreclose on default and had the right to appoint CRC as the trustee in commencing foreclosure.

Accordingly, the Court should disregard Plaintiff's attempts to paint JPMorgan as a party out to "steal" from Plaintiff. Plaintiff borrowed $2.6 million from Washington Mutual Bank and now seeks to avoid having to pay these monies back to the current beneficiary under the Deed of Trust.

Plaintiff can expend pages and pages of his Opposition citing to irrelevant acronyms and reports – this will not change the basic fact that JPMorgan acquired Washington Mutual Bank's interest in the subject Loan, that Plaintiff defaulted and now seeks to avoid the effects of that default by continuing to insist that JPMorgan is not the holder of the Note. JPMorgan properly acquired the rights to the DOT from the FDIC when WaMu was placed into receivership, so the claim that Defendant does not have the right to foreclose is without merit.

///

///

### B. JPMorgan Complied with State Law

Plaintiff's attempts to salvage his claim for alleged violations of California Civil Code §2923.5 by allegations of forgery and citations to documents which have no relation whatsoever to the Subject Loan are entirely unpersuasive.  As set forth in the Motion to Dismiss, the Court has already addressed and dismissed Plaintiff's allegation that JPMorgan violated § 2923.5, because the person who signed the declaration attesting to compliance with § 2923.5 did not have personal knowledge of the facts.  SAC, ¶ 26.  Specifically, the Court previously found that "nothing in this statute requires that a declaration be signed by a person with personal knowledge."  RJN, Exhibit C, pp.4-5.

Despite the Court's previous ruling, Plaintiff yet again spends a significant portion of his Opposition opining on how CRC's declaration, when compared with a form declaration from a "Continuing Education of the Bar" publication, is "cryptic, ambiguous, form-language." (Opposition, pp. 10-11.)  Plaintiff's recitation of what "Continuing Education for the Bar" recommends for a form declaration under Civil Code § 2923.5 is of no matter.

As to the alleged violations of California Civil Code §2923.5, the law is clear that foreclosure can be commenced by the trustee, mortgagee or beneficiary or any of their authorized agents and a person authorized to record the notice of default or the notice of sale.  (*See* California Civil Code §§ 2924(a)(1) and 2924b(b)(4).)

Accordingly, Plaintiff's effort to salvage his claims clearly fails.  Plaintiff's first, second and fifth claims have no merit and should be dismissed.

### III. THERE IS NO LEGAL BASIS FOR THE THIRD CLAIM OF "QUASI CONTRACT"

In his Opposition, p. 18, Plaintiff erroneously claims "that Chase does not have standing to enforce the Note because Chase is not the owner of the Note, Chase is not a holder of the Note, and Chase is not a beneficiary under the Note."  This claim is without merit because, as set forth above, JPMorgan is entitled to enforce the terms of

the Note pursuant to Section 3.1 of Article III of the P & A Agreement.  *See* also *Caravantes v. CRC,* 2010 WL 4055560, 9 (S.D.Cal., 2010).

## IV. THERE IS NO CLAIM ALLEGED FOR "NO CONTRACT"

In defending his claim for "no contract", Plaintiff entirely ignores the arguments raised by JPMorgan in its Motion.  In fact, Plaintiff's arguments in defense of his claim – such as his argument that "Chase asserts that the one-year Statute of Limitations has expired" (Opposition p. 21) – are entirely nonsensical given that JPMorgan does not make this argument in its Motion to Dismiss the SAC.  Plaintiff does not even attempt to address JPMorgan's arguments regarding Plaintiff's failure to offer tender in the FAC.  Accordingly, Plaintiff's claim for "no contract" is insufficiently pled and subject to dismissal.

## V. THERE IS NO BASIS FOR EQUITABLE RELIEF

Plaintiff's claims for equitable belief are based on nothing more than Plaintiff's allegations that JPMorgan is not the holder of the Note and therefore has no standing to enforce the DOT.  However, whether or not the Defendants are a holder of the original note is irrelevant as "[t]here is no requirement that the party initiating foreclosure be in possession of the original note."  *Nool v. HomeEquity Servicing*, 2009 U.S. Dist. LEXIS 80640, *12 (E.D. Cal. Sept. 3, 2009); *Pagtalunan*, *supra*, 2009 U.S. Dist. LEXIS 80640, *6 (N.D. Cal. Apr. 8, 2009) and *Caravantes*, *supra*.

Plaintiff is unable to state any basis for contending that declaratory relief would be necessary or useful.  *See Sanchez United States Bancorp*, 2009 U.S. Dist. LEXIS 87952 at *20 (S.D. Cal. Aug, 4, 2009); *Ricon v. Reconstruction Trust*, 2009 U.S. Dist. LEXIS 67807 at *16 (S.D. Cal. Aug, 4, 2009); *Mohammad*, *supra*, 2009 U.S. Dist. LEXIS 61796 at *14; *Pagtalunan*, 2009 U.S. Dist. LEXIS 34811 at *6 -*7. Accordingly, this cause of action should be dismissed.

## VI. PLAINTIFF FAILS TO PLEAD OUTRAGEOUS CONDUCT

The weakness of Plaintiff's defense of his emotional distress claim can be found in one line in Plaintiff's Opposition – "[t]imes have changed since 1989."  This is not a

2087195.1

legal defense.  This is merely Plaintiff's opinion and not a legitimate reason for the denial of JPMorgan's motion to dismiss which is based on actual law.

Because Plaintiff fails to plead any of the elements of the claim for intentional infliction of emotional distress, and activities in the pursuit of one's own economic interest do not qualify as "outrageous," the seventh claim must be dismissed without leave to amend.

## VII. CONCLUSION

Based on the foregoing reasons, JPMorgan respectfully requests that the Court grant this motion to dismiss in its entirety.

Respectfully submitted,

DATED:  May 23, 2011       ALVARADOSMITH
                           A Professional Corporation


By:  /s/ Frances Q. Jett
     THEODORE E. BACON
     FRANCES Q. JETT
     Attorneys for Defendant
     JPMORGAN CHASE BANK, N.A

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

2087195.1