O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | | |
|---|---|---|---|

| Sheila English | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

| Proceedings (In Chambers): | Order GRANTING in Part and DENYING in Part Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [30] (Filed 04/28/11) |
|---|---|

## I.      INTRODUCTION

Pending before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("JPMorgan") Motion to Dismiss Plaintiff Daryoush Javaheri's ("Plaintiff") Second Amended Complaint ("SAC"). (Dkt. No. 30.) Plaintiff filed an Opposition on May 16, 2011, to which JPMorgan filed a Reply on May 23, 2011. (Dkt. Nos. 32, 34.) Having considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument. FED. R. CIV. P. 78; L.R. 7-15. For the following reasons, JPMorgan's Motion is **GRANTED in Part** and **DENIED in Part**.

## II.      FACTUAL AND PROCEDURAL BACKGROUND

On November 14, 2007, Plaintiff obtained a mortgage loan in the amount of $2,660,000 from Washington Mutual Bank ("WaMu") to finance his property located at 10809 Wellworth Los Angeles, California (the "Subject Property"). (SAC ¶¶ 4, 11-13.) In conjunction therewith, Plaintiff executed a promissory note (the "Note") and a deed of trust (the "DOT"), which encumbered the Subject Property. The DOT identifies WaMu as the lender and beneficiary under the Note. (SAC ¶ 13.)

O

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### **CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

Plaintiff alleges that "between November 15 and November 30, 2007, WaMu transferred Plaintiff's Note to Washington Mutual Mortgage Securities Corporation" and that the Note was subsequently "sold to an investment trust and became part of, or was subject to, a Loan Pool, a Pooling and Servicing Agreement, a Collateralized Debt Obligation, a Mortgage-Backed Security, a Mortgage Pass-Through Certificate, a Credit Default Swap, an Investment Trust, and/or a Special Purpose Vehicle." (SAC ¶ 14.) Plaintiff identifies this security as Standard & Poor CUSIP # 31379XQC2, Pool Number 432551.  (SAC ¶ 14.) Because of this alleged transaction in which Plaintiff's Note was sold as an investment security, Plaintiff claims that JPMorgan is not the owner, holder, or beneficiary of the Note, and therefore cannot legally foreclose on the Subject Property.  Plaintiff also alleges that JPMorgan failed to properly record its claim of ownership in the Subject Property, further evidencing its lack of ownership.  (SAC ¶ 15.)

JPMorgan, however, contends that it is the rightful owner, holder, and beneficiary of Plaintiff's Note.  In support, JPMorgan points to its September 25, 2008 acquisition of WaMu's assets by virtue of a Purchase and Assumption Agreement ("P & A Agreement") executed by JPMorgan and the Federal Deposit Insurance Corporation ("FDIC"), who at the time was acting as Receiver for WaMu. (Dkt. No. 10, Exhs. 1-2.)  JPMorgan, therefore, maintains that it succeeded to all of WaMu's assets, including Plaintiff's Note.

On or about March 22, 2010, Plaintiff received a letter stating that he had not made his monthly payments since November of 2009.  (SAC ¶ 19.)  Plaintiff alleges that, within thirty days of receiving this letter, his attorney faxed a letter in response, but that JPMorgan

> did not contact Plaintiff or [his attorney], either in person or by telephone, to discuss Plaintiff's financial condition and the impending foreclosure. [JPMorgan] did not call, it did not write, and it did not provide a toll-free HUD number to Plaintiff or his lawyer. [JPMorgan] did not offer to meet with Plaintiff or his lawyer and did not advise them that Plaintiff had a right to request a subsequent meeting within 14 days.

(SAC ¶ 22.)  Nevertheless, on May 14, 2010, JPMorgan and CRC recorded a Notice of Default ("NOD") and a Declaration of Compliance, which identified JPMorgan as the "undersigned mortgagee, beneficiary, or authorized agent." (SAC ¶ 25.) Subsequently, on August 16, 2010, California Reconveyance Company ("CRC") recorded a Notice of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

Trustee's Sale.  (SAC ¶ 17.)

As a result of the foregoing events, on October 29, 2010, Plaintiff filed a Complaint in this Court against JPMorgan and CRC.  Subsequently, on January 11, 2011, the Court granted JPMorgan and CRC's joint Motion to Dismiss the Complaint.  (Dkt. No. 20.) Plaintiff then filed a First Amended Complaint ("FAC") against JPMorgan on January 3, 2011. (Dkt. No. 22.)  The Court granted JPMorgan's Motion to Dismiss Plaintiff's FAC on March 24, 2011.  (Dkt. No. 28.)  On April 12, 2011, Plaintiff filed a Second Amended Complaint against JPMorgan, asserting claims for: (1) violation of California Civil Code section 2923.5; (2) wrongful foreclosure; (3) quasi contract; (4) no contract; (5) quiet title; (6) declaratory and injunctive relief; and (7) intentional infliction of emotional distress. (SAC at 1.)  JPMorgan now brings the instant Motion to Dismiss the SAC in its entirety.

## III.   LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.*  Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation and citation omitted).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal quotation and citation omitted).

When considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|----------|------------------------|------|--------------|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.   DISCUSSION

The Court will discuss Plaintiff's seven claims in the following order. First, the Court will analyze Plaintiff's fourth claim for "no contract," which is predicated on events allegedly occurring during the loan origination process. Second, the Court will address Plaintiff's first claim for violation of California Civil Code section 2923.5, which is predicated on JPMorgan's alleged failure to contact Plaintiff before filing a notice of default. Third, the Court will examine Plaintiff's second claim for wrongful foreclosure, fifth claim for quiet title, third claim for quasi contract, and sixth claim for declaratory and injunctive relief, all of which can be resolved by examining the parties' dispute as to who properly owns the Note. Finally, the Court will discuss Plaintiff's seventh claim for intentional infliction of emotional distress.

### A.   Plaintiff's Fourth Claim for "No Contract"

Plaintiff alleges that no enforceable contract was formed between WaMu and Plaintiff because there was no "meeting of the minds." (SAC ¶ 52.) Specifically, Plaintiff contends that he "expected that he would borrow money from WaMu, . . . pay it back, and then . . . own the Property," while "WaMu expected that Plaintiff . . . would not be able to pay it back, and then WaMu or the investors would own the Property." (SAC ¶ 52.)

When ruling on Defendant's previous Motion to Dismiss Plaintiff's FAC, the Court found that "[w]hile Plaintiff frames his claim as one based on the absence of a contract, his allegations indicate that he is, in fact, alleging fraud." (Dkt. No. 28 at 5.) In this respect, Plaintiff's SAC is virtually identical to his FAC and indeed his "no contract" claim sounds in fraud. Consequently, Plaintiff must meet the heightened pleading standards under Federal Rule of Civil Procedure 9(b), which require him to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Plaintiff's allegations must enable the defendant to "prepare an adequate answer[.]" *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986); *see Bosse v. Crowell Collier & MacMillan*, 565

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

F.2d 602, 611 (9th Cir. 1977); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973). In that regard, proper identification of the circumstances entails "specif[ication of] such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Additionally, "[i]n a fraud action against a corporation, a plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" *Saldate v. Wilshire Credit Corp.*, 686 F. Supp. 2d 1051, 1065 (2010) (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 157 (1991)).

Here, Plaintiff's allegations with regard to WAMU's alleged fraudulent scheme fall exceedingly short of the Rule 9(b) requirements. Plaintiff fails to identify any particular facts regarding WaMu's supposed expectations or misrepresentations as they relate to Plaintiff's loan. Instead, Plaintiff generally asserts that WaMu engaged in a predatory lending scheme with respect to unqualified borrowers in 2006 and 2007. (SAC ¶¶ 46, 55.) As to Plaintiff's specific loan, Plaintiff only alleges, in a conclusory fashion, that WaMu "expected he would default", that "WaMu pre-sold Plaintiff's mortgage[,]' and that WaMu's economic interests were adverse to Plaintiff's interests. (*See* SAC ¶¶ 48, 49, 51.) These allegations do not meet the requisite heightened pleading standard under Federal Rule of Civil Procedure 9(b) because they do not set forth the "times, dates, places, benefits received, and other details of the alleged fraudulent activity" nor do they "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *See Neubronner*, 6 F.3d at 672; *Saldate*, 686 F. Supp. at 1065. Furthermore, Plaintiff's allegation that "the investment bank intended to short the portfolio" is irrelevant as the investment bank, which Plaintiff fails to identify, is not a party to this action. (SAC ¶ 49.) Without specific information regarding WaMu's alleged fraudulent activity, under Federal Rule of Civil Procedure 9(b), Plaintiff's claim must fail. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's fourth claim for "No Contract." Because Plaintiff has previously been granted leave to amend this claim, has again failed to sufficiently plead his allegations, and it appears that further leave to amend will likely prove futile, Plaintiff's fourth claim for "No Contract" is hereby **DISMISSED WITH PREJUDICE**.

**B.     Plaintiff's First Claim for Violation of California Civil Code § 2923.5**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

California Civil Code section 2923.5 requires "a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)." CAL. CIV. CODE § 2923.5(b).  Courts agree that nothing in this statute requires that a declaration of compliance with section 2923.5 be signed by a person with personal knowledge.  *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. July 9, 2009).  Therefore, to the extent that Plaintiff's claim under section 2923.5 is predicated on the fact that the person who signed the Declaration of Compliance did not have personal knowledge of the facts contained therein, it is insufficient.  Indeed, the Court previously dismissed Plaintiff's claim in his FAC on this very ground.  (*See* Dkt. No. 28 at 4-5.)  However, Plaintiff's SAC cures the remaining deficiencies with respect to this claim. Rather than solely attacking the personal knowledge of the signer of the Declaration of Compliance, Plaintiff alleges that JPMorgan

> did not contact Plaintiff or [his attorney], either in person or by telephone, to discuss Plaintiff's financial condition and the impending foreclosure. [JPMorgan] did not call, it did not write, and it did not provide a toll-free HUD number to Plaintiff or his lawyer. [JPMorgan] did not offer to meet with Plaintiff or his lawyer and did not advise them that Plaintiff had a right to request a subsequent meeting within 14 days.

(SAC ¶ 22.) JPMorgan attempts to controvert Plaintiff's assertion with the Declaration of Compliance itself.  However, Plaintiff claims that the person who signed the Declaration of Compliance either had no personal knowledge or misrepresented the facts.  Taking the facts as alleged in Plaintiff's SAC as true, which the Court must do when deciding a motion to dismiss, Plaintiff's first claim for violation of California Civil Code section 2923.5 is sufficient.  Accordingly, Defendant's Motion is **DENIED** as to Plaintiff's first claim.

### C.   Plaintiff's Second Claim for Wrongful Foreclosure and Fifth Claim to Quiet Title

Plaintiff's second claim for wrongful foreclosure and fifth claim to quiet title are based on his allegations that JPMorgan does not own the note and that JPMorgan cannot produce an original promissory note.  (SAC ¶ 17, 18.)  In his FAC, Plaintiff simply concluded that "WaMu transferred all beneficial interest in the loan to a private investor."  (FAC ¶ 15.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

Standing alone, the Court found that this allegation was merely a legal conclusion and did not "raise a right to relief above the speculative level."   (*See* Dkt. No. 28 at 3 (citing *Twombly*, 550 U.S. at 555).)  Plaintiff, however, has cured this deficiency by alleging facts in his SAC to support these claims.  Specifically, Plaintiff alleges that "between November 15 and November 30, 2007, WaMu transferred Plaintiff's Note to Washington Mutual Mortgage Securities Corporation." (SAC ¶ 14.)  Plaintiff claims that the Note was then "sold to an investment trust and became part of, or was subject to, a Loan Pool, a Pooling and Servicing Agreement, a Collateralized Debt Obligation, a Mortgage-Backed Security, a Mortgage Pass-Through Certificate, a Credit Default Swap, an Investment Trust, and/or a Special Purpose Vehicle." (SAC ¶ 14.)  Plaintiff identifies the security as Standard & Poor CUSIP # 31379XQC2, Pool Number 432551.  (SAC ¶ 14.)  The Court must accept these facts as true when deciding a motion to dismiss.  *Iqbal*, 129 S. Ct. at 1949.  Coupled with Plaintiff's allegation that JPMorgan never properly recorded its claim of ownership in the Subject Property, (SAC ¶ 16), the abovementioned facts regarding the transfer of Plaintiff's Note prior to JPMorgan's acquisition of WaMu's assets raise Plaintiff's right to relief above a speculative level.  Furthermore, in the face of these specific factual allegations, JPMorgan's assertion that the P&A Agreement suffices to establish their ownership of the Note is no longer viable.  Indeed, the P&A Agreement does not specifically identify Plaintiff's Note. (*See* Dkt. No. 10, Exh. 2.)

The Court finds that Plaintiff has now sufficiently alleged that JPMorgan did not own his Note and therefore did not have the right to foreclose.  Accordingly, the Court **DENIES** Defendant's Motion to Dismiss with respect to Plaintiff's second claim for wrongful foreclosure and fifth claim to quiet title.

### D.   Plaintiff's Third Claim for Quasi Contract

Plaintiff seeks restitution by alleging that JPMorgan was unjustly enriched by "any payments he made to [JPMorgan] that were not paid to the lender or beneficiary, if any." (SAC ¶ 44.)  The Court previously dismissed Plaintiff's claim for restitution because Plaintiff's "argument [was] based on his assertion that JPMorgan is not the owner, a holder, or a beneficiary under the note." (*See* Dkt. No. 28 at 5.)  As the Court noted above, however, Plaintiff has cured any deficiencies with respect to this assertion.  While JPMorgan correctly contends that unjust enrichment, restitution, or quasi contract are not independent causes of action, (Mot. at 7), as previously discussed, Plaintiff's allegations that JPMorgan did not own

O

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

his Note have been sufficiently alleged. Consequently, if indeed JPMorgan did not own the Note yet received payments therefrom, those payments may have been received unjustly. Accordingly, Defendant's Motion is **DENIED** as to Plaintiff's third claim for quasi contract.

### E.   Plaintiff's Sixth Claim for Declaratory and Injunctive Relief

Plaintiff's sixth claim for declaratory and injunctive relief seeks a judicial determination of his rights and duties as to the Note and DOT, and JPMorgan's rights to proceed with a non-judicial foreclosure on the Subject Property. (SAC ¶ 68.) Additionally, Plaintiff seeks a Temporary Restraining Order and Preliminary Injunction restraining JPMorgan from conducting a Trustee's Sale of the Subject Property during the pendency of this action. (SAC, Prayer ¶ 1.)

As to Plaintiff's claim for declaratory relief, the Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "Jurisdiction to award declaratory relief exists only in a case of actual controversy." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1994). Consequently, the Ninth Circuit instructs district courts to first determine whether there is an actual controversy within its jurisdiction. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). If the court finds that an actual controversy exists, it must next decide whether to exercise its jurisdiction by analyzing the factors enumerated in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). The *Brillhart* factors require the Court to (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Brillhart*, 316 U.S. at 495.

Here, Plaintiff contends an actual controversy has arisen in whether: (1) JPMorgan is the present owner and beneficiary of the note; (2) JPMorgan is entitled to sell the Property; and (3) CRC is a trustee duly authorized to file a Notice of Default or a Notice of Trustee's Sale. (SAC ¶ 67.) As the Court noted above, Plaintiff has cured the deficiencies with respect to these allegations. Consequently, the Court finds that an actual controversy exists. Furthermore, none of the *Brillhart* factors suggest that the Court should refrain from entertaining Plaintiff's claim for declaratory relief. Accordingly, Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's sixth claim for declaratory relief.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### **CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

As to Plaintiff's claim for injunctive relief, the Court was already presented with this issue on October 29, 2010 and denied Plaintiff's *ex parte* application for temporary restraining order and preliminary injunction. (Dkt. No. 6.)  Plaintiff, however, has now pleaded additional facts that may support such a request.  Therefore, Plaintiff is not precluded from bringing another *ex parte* application if he so chooses.  Additionally, Plaintiff seeks that JPMorgan "be forever enjoined and restrained" from selling the Subject Property. (SAC, Prayer ¶ 2.)  "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993).  Here, Plaintiff has properly pleaded his underlying claims and Defendant may therefore be found liable at a later stage of the litigation.  Consequently, Defendant's Motion is **DENIED** as to Plaintiff's sixth claim for injunctive relief.

### F.    **Plaintiff's Seventh Claim for Intentional Infliction of Emotional Distress**

To successfully plead a claim for intentional infliction of emotional distress under California law, Plaintiff must allege "(1) [JPMorgan]'s extreme and outrageous conduct; (2) that [JPMorgan] intended to cause, or recklessly disregarded the probability of causing, emotional distress; (3) that [P]laintiff suffered severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by [JPMorgan]'s outrageous conduct." *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 883-84 (N.D. Cal. 2010); *see also Corales v. Bennett*, 567 F.3d 554, 571 (9th Cir. 2009) (setting forth the same elements).  "Outrageous" conduct is that which is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 884.  Moreover, "[f]or emotional distress to be severe, it must be 'of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it.'" *Grant v. WMC Mortg. Corp.*, No. CIV 2:10-1117 WBS KJN, 2010 WL 2509415 at *2 (E.D. Cal., June 17, 2010).

In support of his intentional infliction of emotional distress claim, Plaintiff alleges that JPMorgan "cashed Plaintiff's monthly checks and kept the money" when it had no right to do so. (SAC ¶ 73.)  Plaintiff further alleges that JPMorgan ignored Plaintiff's letters requesting alternative options to foreclosure and that JPMorgan fraudulently transferred the DOT. (SAC ¶¶ 74, 75.)  While Plaintiff concludes that these "acts and omissions . . .

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

constitute extreme and outrageous conduct," and that JPMorgan "engaged in such conduct either intentionally or with reckless disregard as to the effect on Plaintiff[,]"(SAC ¶ 76, 77), Plaintiff fails to point the Court to any case law to support his contention that such acts associated with foreclosure, even if wrongful, are "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *See Davenport, LP*, 725 F. Supp. 2d at 884. Moreover, "[f]or emotional distress to be severe, it must be 'of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it.'" *Grant v. WMC Mortg. Corp.*, No. CIV 2:10-1117 WBS KJN, 2010 WL 2509415 at *2 (E.D. Cal., June 17, 2010). Plaintiff makes absolutely no factual allegations with respect to the severity of his emotional distress in terms of either quantity or quality. Rather, Plaintiff merely states that he "has suffered emotional distress in the amount of $5,000,000." (SAC ¶ 78.) Such "labels and conclusions" are insufficient. *See Twombly*, 550 U.S. at 555. Ultimately, Plaintiff's claim for intentional infliction of emotional distress is nothing more than a "formulaic recitation of the elements[,] which simply "will not do." *See id.* Accordingly, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's seventh claim for intentional infliction of emotional distress. Because Plaintiff has previously been granted leave to amend this claim, has again failed to sufficiently plead his allegations, and it appears that further leave to amend will likely prove futile, Plaintiff's seventh claim for intentional infliction of emotional distress is hereby **DISMISSED WITH PREJUDICE**.

## V.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED in Part** and **DENIED in Part**. Plaintiff's second claim for wrongful foreclosure, fifth claim for quiet title, first claim for violation of California Civil Code section 2923.5, third claim for quasi contract, and sixth claim for declaratory and injunctive relief survive Defendant's Motion to Dismiss. Conversely, Plaintiff's fourth claim for no contract and seventh claim for intentional infliction of emotional distress are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

:

----        00

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-08185 ODW (FFMx) | Date | June 2, 2011 |
|---|---|---|---|
| Title | *Javaheri v. JPMorgan Chase Bank, N.A., et al.* | | |

SE

Initials of Preparer