THEODORE E. BACON (CA Bar No. 115395)
tbacon@AlvaradoSmith.com
DAVID J. MASUTANI (CA Bar No. 172305)
dmasutani@alvaradosmith.com
MICHAEL B. TANNATT (CA Bar No. 117133)
mtannatt@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel:  (213) 229-2400
Fax:  (213) 229-2499

Attorneys for Defendants
JPMORGAN CHASE BANK, N. A. and CALIFORNIA
RECONVEYANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYOUSH JAVAHERI, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY and DOES 1-150, inclusive, <br><br> Defendants. | Case No.: **CV-10 8185 ODW (FFMx)** <br><br> The Hon. Otis D. Wright II. <br><br> NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br><br> DATE:  July 30, 2012 <br> TIME:  1:30 p.m. <br> CRTRM:  11 <br><br> Action Filed:  October 29, 2010 <br> Trial Date:  September 18, 2012 |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**TO THE HONORABLE OTIS D. WRIGHT II, UNITED STATES DISTRICT COURT JUDGE, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 30, 2012, at 1:30 p.m., or as soon thereafter as this matter may be heard in Courtroom "11" of the above entitled Court, located at 312 N. Spring Street, Los California 90012, the Honorable Otis D. Wright II, United States District Court Judge presiding, defendant JPMorgan Chase Bank, N.A., ("JPMorgan") and California Reconveyance Company ("CRC") (collectively referenced hereinafter as "Defendants") will move the Court for an Order for Partial Summary Judgment in favor of JPMorgan and CRC against the five remaining claims raised in plaintiff Daryoush Javaheri's ("Plaintiff") Second Amended Complaint ("SAC") filed in Case No. CV-10 8185[1], which is now consolidated with Plaintiff's Complaint filed in Case No. CV 11-10072.  This Motion is brought pursuant to Federal *Rule of Civil Procedure 56*, and United States Court for the Eastern District of California *Local Rule 260*:

1. For an order adjudicating that there is no merit to the first claim for "Violation of California Civil Code § 2923.5" in the SAC and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment as established by such adjudication.

2. For an order adjudicating that there is no merit to the second claim for "Wrongful Foreclosure" in the SAC and that the final judgment in this action shall, in addition to any matters determined at trial, award judgment as established by such adjudication.

3. For an order adjudicating that there is no merit to the third claim for "Quasi Contract" in the SAC and that the final judgment in this action shall, in

---

[1] This motion does not address those claims raised in Plaintiff's Complaint filed in Case No. CV 11-10072 prior to its consolidation into Case No. CV-10 8185.

1  addition to any matters determined at trial, award judgment as established by such

2  adjudication.

3         4.     For an order adjudicating that there is no merit to the fifth claim for

4  "Quiet Title" in the SAC and that the final judgment in this action shall, in addition to

5  any matters determined at trial, award judgment as established by such adjudication.

6         5.     For an order adjudicating that there is no merit to the sixth claim for

7  "Declaratory and Injunctive Relief" in the SAC and that the final judgment in this

8  action shall, in addition to any matters determined at trial, award judgment as

9  established by such adjudication.

10        This Motion is based on this Notice, the accompanying Memorandum of Points

11 and Authorities, the pleadings and papers on file in this action, and such further oral

12 and documentary evidence as may be presented at the hearing on this Motion.

13        This motion is made following the conference of counsel pursuant to L. R. 7-3,

14 which took place on May 29, 2012.

15

16 DATED:  June 21, 2012                    Respectfully submitted,

17                                          ALVARADOSMITH
                                            A Professional Corporation
18

19                                          By: /s/ Michael B. Tannatt_____
                                                THEODORE E. BACON
20                                              DAVID J. MASUTANI
                                                MICHAEL B. TANNATT
21                                              Attorneys for Defendants
                                                JPMorgan Chase Bank, N. A. and
22                                              California Reconveyance Company

23

24

25

26

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

# TABLE OF CONTENTS

Page

I.    SUMMARY OF ARGUMENT ..................................................................1

II.   STATEMENT OF FACTS ........................................................................1

III.  STANDARDS FOR SUMMARY JUDGMENT...........................................3

IV.   SUMMARY JUDGMENT SHOULD BE GRANTED AS TO ALL FIVE
      OF THE CLAIMS SET FORTH IN THE COMPLAINT ..............................4

      A.   No First Claim for Violation of Civil Code § 2923.5 Has Been
           Stated...............................................................................................4

           1.   Claims Brought Under Civil Code § 2923.5 Are Preempted
                By the Home Owner's Loan Act ................................................4

           2.   Civil Code § 2923.5  Does Not Apply To This Case Because
                The Property Was Not Owner Occupied Between January 1,
                2003 To December 31, 2007....................................................5

           3.   No Violation of Civil Code § 2923.5 Has Been Stated
                Because Sufficient Contacts Were Made Both Prior To And
                After the Recording of the NOD ...............................................6

                a.   Workout Contacts With Plaintiff Prior To The
                     Recording of the NOD....................................................8

                b.   Workout Contacts With Plaintiff After The Recording
                     of the NOD ....................................................................8

      B.   No Second Claim for Wrongful Foreclosure Has Been Stated ...........9

           1.   The Evidence Establishes That JPMorgan is Both The
                Servicer And Beneficial Note Holder Of The Subject Loan......9

           2.   No Recording of Transfer of Beneficial Interest Is Required
                Under California Law ............................................................13

           3.   No Action Can Be Brought To Determine Whether The
                Foreclosing Party Has The Authority to Foreclose .................14

           4.   California Cases Have Uniformly Held That Possession of
                the Note Is Not A Requirement To Conducting A Non-
                Judicial Foreclosure .............................................................16

           5.   The Signature on the Substitution of Trustee  Is That of
                Deborah Brignac....................................................................17

      C.   No Third Claim for Quasi-Contract Can Been Stated.......................17

ALVARADO SMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

i

D.   No Fifth Claim for Quiet Title Can Been Stated ...............................19

E.   No  Sixth Claim for Declaratory and Injunctive Relief Can Been Stated..................................................................................................21

V.   CONCLUSION ........................................................................................23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Anderson v. Liberty Lobby,*
  477 U.S. 242,
  106 S. Ct. 2205,
  91 L. Ed. 2nd 202 (1986) ........................................................................... 4

*Coyotzi v. Countrywide Fin. Corp.,*
  2009 U.S. Dist. LEXIS 91084, *54 (E.D. Cal. Sept. 15, 2009) ............................. 20

*Debrunner v. Deutsche Bank National Trust* Company,
  204 Cal. App. 4th 433
  138 Cal.Rptr.3d 830 (2012) ...................................................................16, 17

*Edejer v. DHI Mortgage Co.,*
  No. C. 09–1302 PJH, 2009 WL 1684714, at *10 (N.D.Cal. June 12, 2009) ........... 22

*Ernesto and Araceli Ortiz v. Accredited Home Lenders, Inc.,* et. al.,
  639 F.Supp.2d 1159 (Cal. 2009) ................................................................. 19

*Fontenot v. Wells Fargo  Bank,  N.A.,*
  198 Cal. App. 4th 256,
  129 Cal.Rptr.3d 467 (2011) ........................................................................ 13

*Gomes v. Countrywide Home Loans, Inc.,*
  192 Cal. App. 4th 1149,
  121 Cal. Rptr. 3d 819 (2011) ...................................................................... 14

*Guerra v. Sutton,*
  783 F.2d 1371 (9th Cir. 1986) .................................................................... 21

*Hedging Concepts, Inc. v. First Alliance Mortgage Co.,*
  41 Cal.App.4th 1410,
  49 Cal.Rptr.2d 191 (1996) ......................................................................... 17

*Jensen v. Quality Loan Serv. Corp.,*
  702 F. Supp. 2d 1183 (E.D. Cal. 2010) ........................................................... 22

*Keenan v. Allan,*
  91 F.3d 1275 (9th Cir.1996) ......................................................................... 4

*Lance Camper Manufacturing Corp. v. Republic Indemnity Co. of America,*
  44 Cal.App.4th 194,
  51 Cal.Rptr.2d 622 (1996) ......................................................................... 17

*Lupertino v. Carbahal,*
  35 Cal.App.3d 742,
  111 Cal. Rptr. 112 (1973) .......................................................................... 19

*Mabry v. Superior Court,*
  185 Cal. App. 4th 208,
  110 Cal. Rptr. 3d 101 (2010) ...................................................................4, 7

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

iii

*Mangindin v. Washington Mutual Bank*,
  2009 U.S. Dist. LEXIS 51231, *13-*14 (N.D. Cal. June 18 2009) ...................... 21

*Matsushita Electric Industrial Co. v. Zenith Radio*,
  475 U.S. 574,
  106 S. Ct. 1348,
  89 L.Ed.2d 538 (1986) ......................................................................................3, 11

*Mbaba v. Indymac Federal Bank F.S.B.*,
  No. 1:09–CV–01452–WW–GSA, 2010 WL 424363, at *4 (E.D.Cal. Jan. 27, 2010)
  ........................................................................................................................... 22

*Miller v. Provost*,
  26 Cal. App. 4th 1703,
  33 Cal.Rptr.2d 288 (1994) ................................................................................. 20

*Mohammed Adhavein v. Argent Mortgage Co.*,
  2009 U.S. Dist. LEXIS 61796, *14 (N.D. Cal. July 17, 2009) .............................. 21

*Nool v. Homeq Servicing*,
  2009 U.S. Dist. LEXIS 80640, *20 (E.D. Cal. Sept. 3, 2009) ............................... 20

*Pagtalunan v. Reunion Mortg., Inc.*,
  2009 U.S. Dist. LEXIS 34811, *14 (N.D. Cal. April 8, 2009) ..........................20, 22

*Rodriguez v. JP Morgan Chase & Co.*,
  809 F. Supp. 2d 1291 (S.D. Cal. 2011) ................................................................. 5

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
  732 F. Supp. 2d 952 (N.D. Cal. 2010) ...............................................9, 15, 16, 20

*Salvador Herrera v. Federal Nation Mortgages Association*,
  2012 WL 1726950 (May 17, 2012) ....................................................................... 13

*Taguinod v. World Sav. Bank, FSB*,
  755 F. Supp. 2d 1064 (C.D. Cal. 2010) .............................................................4, 5

**Statutes**

12 U.S.C. § 1461 ......................................................................................................... 4

Civil Code § 2923.5 ...................................................................................1, 4, 5, 6, 7, 8

Civil Code § 2924 -2924k .......................................................................................15, 22

**Rules**

Fed. R. Civ. Proc. 56(c) .........................................................................................3, 11

Fed. R. Civ. Proc. 56(e) ............................................................................................. 4

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant JPMorgan Chase Bank, N. A. ("JPMorgan") and California Reconveyance Company ("CRC") (collectively hereinafter referenced as "Defendants") submit the following Memorandum of Points and Authorities in support of their Motion for Partial Summary Judgment ("MSJ") to the Second Amended Complaint ("SAC") of plaintiff Daryoush Javaheri ("Plaintiff").

## I.    SUMMARY OF ARGUMENT

Plaintiff entered into a Residential Construction Loan Agreement with Washington Mutual Bank ("WaMu") in the amount of $2,660,000.00 in November, 2007 ("Subject Loan"), secured by real property located at 10809 Wellworth Avenue, California 90024 ("Subject Property").  Plaintiff defaulted on the Subject Loan, and on May 14, 2010, a Notice of Default and Election To Sell ("NOD") was recorded, and on August 16, 2010, a Notice of Trustee's Sale ("NOTS") was recorded.  Plaintiff's remaining five causes of action are for violation of Civil Code § 2923.5, wrongful foreclosure, quiet title, quasi-contract, and declaratory and injunctive relief.  None of these claims have merit.  No cause of action for violation of Civil Code § 2923.5 has been stated because it is preempted by the Home Owner's Loan Act and because the Subject Loan is a construction loan.  The other claims are based on the erroneous allegation that the Note for the Subject Loan was sold to a securitized trust.  However, this claim is a fabrication.  The Note was never sold to a securitized trust.  JPMorgan is the beneficiary.  Plaintiff has no evidence to the contrary.  Consequently, JPMorgan and CRC request that judgment be entered in their favor on all of the remaining claims in the SAC.

## II.    STATEMENT OF FACTS

Plaintiff obtained the Subject Loan from Washington Mutual Bank ("WaMu") on or about November, 2007.  The Subject Loan was for approximately $2,660,000.00 and it was secured by the Subject Property.  Statement of Uncontroverted Facts ("SUF"), Nos. 1 - 8.  The Subject Loan was a construction loan subject to a

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

Residential Construction Loan Agreement, which represented Plaintiff's obligation to repay the Subject Loan pursuant to its terms (the "Agreement").  SUF, No.  1.  In addition, in November, 2007, the Plaintiff signed a Fixed/Adjustable Rate Note, along with a Construction Loan Addendum to Note  (hereinafter collectively referenced as the "Note") for the Subject Loan.  SUF, No.  2.

On September 25, 2008, the Office of Thrift Supervision ("OTS") directed the Federal Deposit Insurance Corporation ("FDIC") to be the receiver of WaMu ("OTS Order").  See SUF, No. 9.

On September 25, 2008, JPMorgan executed a Purchase and Assumption Agreement ("P & A Agreement") with the FDIC acting as receiver of WaMu.  The P & A Agreement transferred to JPMorgan "all right, title, and interest of the Receiver in and to all of the assets" of WaMu and its subsidiaries, and provided that JPMorgan "specifically purchases all mortgage servicing rights and obligations of [WaMu]" pursuant to. § 3.1 of the P & A Agreement.  SUF, No 10 - 15.  The transfer of assets included the Subject Loan, which had never been sold to a securitized trust.  SUF, No. 16.

On October 16, 2010, a Notice of Completion of the completed residential structure on the Subject Property was recorded.   SUF, No. 17.

Beginning in 2009, Plaintiff fell behind on his payments on the Subject Loan.  SUF, No. 18.

On May 3, 2010, a Substitution of Trustee ("Substitution"), substituting CRC as the trustee, was recorded.  SUF, No. 19.  Deborah Brignac signed the Substitution.  SUF, No. 20.

On May 3, 2010, a NOD was recorded in the official records of the Los Angeles County Recorder's Office as Document No. 20100596313.  SUF, No. 21.

On May 14, 2010, a Notice of Rescission ("Rescission Notice") was recorded in the official records of the Los Angeles County Recorder's Office as Document No. 201000661623.  SUF, No. 22.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1 On May 14, 2010, a 2nd NOD was recorded in the official records of the Los

2 Angeles County Recorder's Office as Document No. 20100661624.  SUF, No. 23.

3 The 2nd NOD was also served on Plaintiff.  SUF, No. 24.

4 On August 16, 2010, a Notice of Trustee's Sale ("NOTS) was recorded in the

5 official records of the Los Angeles County Recorder's Office as Document No.

6 20101136133.  SUF, No. 25.  The NOTS was also served on Plaintiff.  SUF, No. 26.

7 The NOTS was also published in the local newspaper.  SUF, No. 27  It was also

8 posted on the Subject Property.  SUF, No. 28:

9 To date, Plaintiffs have not tendered or offered to tender the entire amount of

10 indebtedness owing under the DOT.  See SUF, No. 64.  At present, the Subject Loan

11 is still due for the November 1, 2009 payment as well all subsequent payments

12 thereafter.  SUF, No. 63.

13 To date, no trustee's sale has occurred.  See SUF, No. 65.

14 **III.** **STANDARDS FOR SUMMARY JUDGMENT**

15 A motion for summary judgment is a procedure which terminates, without a

16 trial, actions in which "there is no genuine issue as to any material fact and that the

17 moving party is entitled to a judgment as a matter of law." Federal Rule of Civil

18 Procedure, Rule 56(c).  A summary judgment motion may be made in reliance on the

19 "pleadings, depositions, answers to interrogatories, and admissions on file, together

20 with the affidavits, if any." *Id.*  Upon showing that this is no genuine issue of material

21 fact as to particular claims, the court may grant summary judgment in the party's

22 favor "upon all or any part thereof."  Federal Rules of Civil Procedure, § 56(a), (b);

23 See *Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.*, 860 F.Supp.

24 1448, 1450 (CD CA 1993).

25 In order to preclude a grant of summary judgment, the non-moving party must

26 do more than show that there is some "metaphysical doubt" as to the material facts.

27 *Matsushita Electric Industrial Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S. Ct.

28 1348, 89 L.Ed.2d 538 (1986) ("*Matsushita*").  Rather, the non-moving party must set

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  forth "'specific facts showing that there is a genuine issue for trial.' " *Id.* at 587

2  (quoting Federal Rules of Civil Procedure, § 56(e).  The substantive law defines

3  which facts are material.  *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S. Ct.

4  2205, 91 L. Ed. 2nd 202 (1986).  Under Rule 56(e), the adverse party must allege

5  specific facts supported by affidavit that raise triable issues. *Id.*  Affidavits that do not

6  affirmatively demonstrate personal knowledge are insufficient.  *Keenan v. Allan,* 91

7  F.3d 1275, 1278 (9th Cir.1996).

8  **IV.   SUMMARY JUDGMENT SHOULD BE GRANTED AS TO ALL FIVE**

9  **OF THE CLAIMS SET FORTH IN THE COMPLAINT**

10  **A.   No First Claim for Violation of Civil Code § 2923.5 Has Been Stated**

11  **1.   Claims Brought Under Civil Code § 2923.5 Are Preempted By**

12  **the Home Owner's Loan Act**

13  In ruling on a Motion To Dismiss, the Federal District Court of Appeal has held

14  that, notwithstanding the holdings in *Mabry v. Superior Court*, 185 Cal. App. 4th 208,

15  110 Cal. Rptr. 3d 101 (2010) ("Mabry"), no cause of action may be stated under Civil

16  Code § 2923.5 because it is pre-empted by the Home Owner's Loan Act ("HOLA"),

17  12 U. S. C. §§ 1461, et. seq.  See *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d

18  1064, 1073-74 (C.D. Cal. 2010), which holds in pertinent part:

19  > Only one California state court has determined that § 2923.5
> was not preempted by HOLA. *See Mabry v. Superior Court,*

20  > 185 Cal. App. 4th 208, 231, 110 Cal.Rptr.3d 201, 218
> (2010). The court limited its preemption determination by

21  > finding that relief under § 2923.5 is limited to a
> postponement of foreclosure, as opposed to damages. *Id.* A

22  > number of federal courts, on the other hand, have held that §
> 2923.5 is preempted by HOLA because it "falls squarely

23  > within the scope of HOLA's Section 560.2(b)(10), which
> deals with the '[p]rocessing, origination, servicing, sale or

24  > purchase of, or investment or participation in, mortgages.' "
> *Ngoc Nguyen v. Wells Fargo Bank, N.A.,* 749 F.Supp.2d

25  > 1022, 1033, No. 10–4081, 2010 WL 4348127, at *10 (N. D.
> Cal. Oct. 27, 2010) (internal quotations and citations

26  > omitted); *see also Pinales v. Quality Loan Serv. Corp.,* No.
> 09–1884, 2010 WL 3749427, at *3 (S. D. Cal. Sep. 22,

27  > 2010); *Gonzalez v. Alliance Bancorp,* No. 10–00805, 2010
> WL 1575963, at *5–6, 2010 U.S. Dist. LEXIS 47943, at

28  > *15–16 (N.D.Cal. Apr. 19, 2010); *Parcray v. Shea*
> *Mortgage, Inc.,* No. 09–1942, 2010 WL 1659369, at *9

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

4

1  (E.D.Cal. Apr. 23, 2010); *Murillo v. Aurora Loan Servs.,*
   *LLC,* No. 09–00503, 2009 WL 2160579, at *4 (N. D. Cal.
2  July 17, 2009). This is not a question of interpreting state
   law, but rather a question of federal preemption. Thus, the
3  Court is not bound by the decision in *Mabry. Moreover, it is*
   *evident that the overwhelming weight of authority has held*
4  *that a claim under § 2923.5 is preempted by HOLA.*
   Defendant's Motion is therefore GRANTED as to this claim.

5

6  *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1073-74 (C. D. Cal. 2010).

7      More recently, in a case brought against JPMorgan, the Federal District Court

8  held that HOLA preempted the claim for a violation of Civil Code § 2923.5 because,

9  as is the case here, WaMu was a federally chartered bank when the subject loan was

10  originated:

11         Plaintiff's section 2923.5 claim fails because the asserted
           portions of section 2923.5 have been preempted by the
12         Home Owners' Loan Act ("HOLA") of 1933, 12 U.S.C. §
           1461 *et seq.* since the loan provider, Washington Mutual
13         Bank, FA, was a federally chartered savings bank at the time
           the loan was originated. (Doc. No. 7–1, RJN Ex. 2.)[1] *See*
14         *Quintero Family Trust v. OneWest Bank, F.S.B.,* 2010 WL
           2618729, *4–7, 2010 U.S. Dist. LEXIS 63659, at *13–19
15         (S.D.Cal.2010); *see also Odinma v. Aurora Loan Servs.,*
           2010 WL 1199886, at *6–8, 2010 U.S. Dist. LEXIS 28347,
16         at *19–24 (N.D.Cal.2010); *Taguinod v. World Sav. Bank,*
           *FSB,* 755 F.Supp.2d 1064, 1073–74 (C.D.Cal.2010).
17         Accordingly, the Court GRANTS Defendants' motions to
           dismiss this claim.

18

19  *Rodriguez v. JP Morgan Chase & Co.,* 809 F. Supp. 2d 1291, 1295 (S.D. Cal. 2011)

20  ("*Rodriguez*").

21      Consequently, for the reasons set forth in *Taguinod* and in *Rodriguez*, as a

22  matter of law, summary judgment should be entered in favor of defendants.

23      **2.    Civil Code § 2923.5  Does Not Apply To This Case Because The**

24          **Property Was Not Owner Occupied Between January 1, 2003**

25          **To December 31, 2007**

26      In addition to being pre-empted by HOLA, California Civil Code § 2923.5 does

27  not apply to the Subject Loan because the Subject Property was not owner occupied

28  between January 1, 2003 to December 1, 2007 as required by Civil Code § 2923.5,

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

5

1  subdivision (i), which specifically provides as follows:

2       This section shall apply only to mortgages or deeds of trust

3  recorded from January 1, 2003, to December 31, 2007, inclusive, that are secured by owner-occupied residential

4  real property containing no more than four dwelling units. For purposes of this subdivision, "owner-occupied" means

5  that the residence is the principal residence of the borrower as indicated to the lender in loan documents.

6  Civil Code § 2923.5, subdivision (i).

7       The Subject Loan was entered into in November 7, 2007.   SUF, No.  1 .

8  However, when the DOT for the Subject Loan was recorded, no residence existed;

9  rather, the Note provided that its proceeds were to be used for the construction of the

10  residence.  SUF, No. 5 and 17.  The Notice of Completion was recorded on October

11  16, 2009.  SUF, No. 17.  Consequently, during the applicable period of time (from

12  January 1, 2003, to December 31, 2007), no "owner-occupied" residence existed.

13  Consequently, in addition to being pre-empted by HOLA, the facts in this case

14  establish that Civil Code § 2923.5 did not apply to the Subject Loan.  For this

15  additional reason, Defendants' MSJ to this first cause action should be granted.

16       **3.**    **<u>No Violation of Civil Code § 2923.5 Has Been Stated Because**

17  **Sufficient Contacts Were Made Both Prior To And After the**

18  **Recording of the NOD</u>**

19       Contrary to Plaintiff's allegations in the SAC, ¶ 26, Defendants did comply

20  with the provisions of Civil Code § 2923.5 before having the NOD issued in May,

21  2010.  See SAC, ¶ 26.

22       Civil Code § 2923.5 subdivision (a) provides that prior to instituting the

23  foreclosure proceedings, the borrower shall be contacted to explore workout options.

24  Subdivision (a) provides in pertinent part:

25       A mortgagee, beneficiary or authorized agent shall contact the borrower in

26  person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1  Civil Code § 2923.5, subdivision (a) (2)[2]

2      Under the case of *Mabry*, *supra*, 185 Cal. App. 4th 208, the Court of Appeal has

3  instructed that the provisions of *§* 2923.5 "must be narrowly construed" in order to

4  avoid crossing the line from state foreclosure law into federally preempted loan

5  servicing provisions under HOLA.  Hence any "assessment" must necessarily be

6  simple-something on the order of, "why can't you make your payments?"

7      First, to the degree that the words "assess" and "explore" can be narrowly or
   expansively construed, they must be narrowly construed in order to avoid
8      crossing the line from state foreclosure law into federally preempted loan
   servicing. Hence, any "assessment" must necessarily be simple-something on
9      the order of, "why can't you make your payments?" The statute cannot require
   the lender to consider a whole new loan application or take detailed loan
10     application information over the phone. (Or, as is unlikely, in person.)

11     Second, the same goes for any "exploration" of options to avoid foreclosure.
   Exploration must necessarily be limited to merely telling the borrower the
12     traditional ways that foreclosure can be avoided (e.g., deeds "in lieu,"
   workouts, or short sales), as distinct from requiring the lender to engage in a
13     process that would be functionally indistinguishable from taking a loan
   application in the first place. In this regard, we note that section 2923.5 directs
14     lenders to *refer* the borrower to "the toll-free telephone number made available
   by the United States Department of Housing and Urban Development (HUD) to
15     find a HUD-certified housing counseling agency." The obvious implication of
   the statute's referral clause is that the lender itself does not have any duty to
16     become a loan counselor itself.

17  *Mabry*, *supra*, 185 Cal.App.4th 208, 232, 110 Cal.Rptr.3d 201, 218.

18      Because of the narrow construction of § 2923.5 that must be made in order to

19  avoid preemption by federal banking law, the Court in *Mabry* emphasizes that "there

20  is no *right*, for example, under the statute, to a loan modification."  *Mabry*, 185 Cal

21  App. at 231 (emphasis added by the Court of Appeal).  Furthermore, "[g]iven such a

22  narrow construction, section 2923.5 does not, as the law in *Blaisdell* did not, alter the

23  'integrity of the basic debt.'"  *Mabry*,185 Cal. App. *at 233.*

24      In this case, Eric Waller ("Waller"), a Home Loans Litigation Analyst, has

25  reviewed the Consolidated Notes Log ("Consolidated Notes Log") and the Loss

26

27     [2]  The Court should note that subsection (g) of Civil Code § 2923.5 is an alternative provision to
28  subsection (a), and that the provisions of subsection (g) only apply if the borrower has not been
   contacted as required by subsection (a) (2).

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT          Case No. CV-10 8185 ODW (FFMx)
3173703.1 -- AL109.W1642

Mitigation Notes ("Loss Mitigation Notes").  Both of these documents are computerized business records showing the contacts and other actions taken on the Subject Loan.  Waller has reviewed these documents and summarized the following in his declaration filed concurrently herewith ("Waller Decl.").  The Consolidated Notes Log is attached as Exhibit "8" to the Waller Decl. and the Loss Mitigation Notes are attached as Exhibit "9" thereto.   SUF, Nos. 43 – 44. The entries for these documents are to be reviewed in reverse chronological order.

### a.   Workout Contacts With Plaintiff Prior To The Recording of the NOD

As set forth in the Waller Decl., on February 19, 2010, a loan servicer spoke with the Plaintiff and advised him of the workout options available to the Plaintiff.   In this same conversation, the Plaintiff advised the loan servicer of his financial situation. The Plaintiff informed the loan servicer that he had hired an attorney to work on this case and that he would be submitting documents in approximately two weeks.   At the end of the telephone call, the loan servicer provided Plaintiff with his contact information.  SUF, No.  46.

In addition, on March 16, 2010, when Plaintiff called to check the status of the Subject Loan, the loan servicer again attempted to explore with Plaintiff whether an early resolution workout solution would be feasible.  However, the Plaintiff declined to discuss the options.  Thereafter, the loan servicer attempted to discuss with the Plaintiff the reasons for default and his current financial circumstances.  However, the Plaintiff was not prepared to discuss his financial circumstances.  SUF, NO.  49.

### b.   Workout Contacts With Plaintiff After The Recording of the NOD

Even after the NOD was recorded on May 3, 2010, the loan servicing unit continued to work with the Plaintiff to obtain a loan work solution.  See SUF, Nos. 53 – 61.

In sum, although Civil Code § 2923.5 is pre-empted by HOLA and the Civil

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1   Code's terms are not even applicable to the Subject Loan, JPMorgan's loan servicing

2   department and its loss mitigation department did contact Plaintiff in order to

3   determine whether a workout solution was feasible in this case.  For these reasons,

4   Defendants' MSJ should be granted as to this first cause of action.

5        **B.     No Second Claim for Wrongful Foreclosure Has Been Stated**

6        In addition to the points and authorities set forth below, Plaintiff's claim for

7   wrongful foreclosure should be dismissed because no trustee's sale has occurred and

8   thus this claim is premature.  SUF, No. 65.  See *Rosenfeld v. JPMorgan Chase Bank,*

9   *N.A.,* 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010), which holds:

10              In their motion to dismiss, Defendants argue that Plaintiff's
                wrongful foreclosure claim fails for one basic reason—there
11              was no foreclosure sale of the Subject Property. (Defs.' Mot.
                4:14–15; Dkt. # 10.) A lender or foreclosure trustee may
12              only be liable to the mortgagor or trustor for wrongful
                foreclosure if the property was fraudulently or illegally sold
13              under a power of sale contained in a mortgage or deed of
                trust. *Munger v. Moore,* 11 Cal.App.3d 1, 7, 89 Cal.Rptr.
14              323, 326 (1970). Here, there is no dispute that a foreclosure
                sale did not take place. *See* RJN, Exhibits 1–4.  Accordingly,
15              the Court finds that this cause of action is premature.

16       For this reason, in addition to what is set forth below, this claim

17   should be dismissed.

18        **1.     The Evidence Establishes That JPMorgan is Both The Servicer**

19              **And Beneficial Note Holder Of The Subject Loan**

20       In the SAC, Plaintiff has erroneously alleged that "WaMu remained the lender

21   for no more than a few days until it sold the loan."  See SAC, ¶ 34.  Based on these

22   erroneous allegations, the Court denied Defendants' Motion To Dismiss as to the

23   second and fourth causes of action.   In this regard, the Court ruled:

24              Plaintiff, however, has cured this deficiency by alleging
                facts in his SAC to support these claims. Specifically,
25              Plaintiff alleges that "between November 15 and November
                30, 2007, WaMu transferred Plaintiffs Note to Washington
26              Mutual Mortgage Securities Corporation." (SAC ¶ 14.)
                Plaintiff claims that the Note was then "sold to an
27              investment trust and became part of, or was subject to, a
                Loan Pool, a Pooling and Servicing Agreement, a
28              Collateralized Debt Obligation, a Mortgage-Backed
                Security, a Mortgage Pass-Through Certificate, a Credit

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

9

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1
2
3
4
5
6
7
8
9

Default Swap, an Investment Trust, and/or a Special Purpose
Vehicle." (SAC ¶ 14.) Plaintiff identifies the security as
Standard & Poor CUSIP # 31379XQC2, Pool Number
432551. (SAC ¶ 14.) The Court must accept these facts as
true when deciding a motion to dismiss. *Iqbal*, 129 S. Ct. at
1949. Coupled with Plaintiffs allegation that JPMorgan
never properly recorded its claim of ownership in the
Subject Property, (SAC ¶ 16), the above-mentioned facts
regarding the transfer of Plaintiff s Note prior to JPMorgan's
acquisition of WaMu's assets raise Plaintiffs right to relief
above a speculative level. Furthermore, in the face of these
specific factual allegations, JPMorgan' s assertion that the
P&A Agreement suffices to establish their ownership of the
Note is no longer viable. Indeed, the P&A Agreement does
not specifically identify Plaintiffs Note. *(See* Dkt. No. 10,
Exh. 2.)

10   Court's Civil Minute Order dated June 2, 2011.

11          Contrary to Plaintiff's allegations in the SAC, the beneficial interest in the

12   Subject Loan has never been transferred to Standard & Poor CUSIP #31379XQCZ,

13   Pool Number 432551 or any other securitized trust.   SUF, Nos.  14 – 16.  To the

14   contrary, WaMu retained the beneficial interest in the Subject Loan, which under,

15   paragraph 3.1 of the P & A Agreement, JPMorgan acquired from the FDIC, acting as

16   WaMu's receiver.  SUF, Nos. 14 -16.

17          Nor does Plaintiff provide any credible evidence to the contrary.   On or about

18   December 16, 2011, JPMorgan propounded upon Plaintiff a First Set of Special

19   Interrogatories (SUF, No. 32 - 37), to which Plaintiff responded on February 15, 2012

20   (SUF, No. 32-37 ).   Interrogatory No. 5 specifically asked Plaintiff to state all facts

21   upon which Plaintiff based his contention in the SAC, ¶ 14 that "between November

22   15 and 30, 2007, WaMu transferred Plaintiff's Note to Washington Mutual Mortgage

23   Securities Corporation."  SUF, No. 33.

24          In response to Interrogatory, No. 5, Plaintiff provided two purported theories by

25   which he attempted to justify his claim that WaMu had transferred the Note to

26   Washington Mutual Securities Corporation.  In pertinent part, the Plaintiff responded

27   as follows:

28              The number 432551 was written on the fact of Plaintiff's
                recorded Deed of Trust.   This number corresponded to

10

1      Standard & Poor # 31379XQC2.

2      Wamu also securitized the condominium note, as described
       in Plaintiff's Complaint in Javeheri v. JPMorgan Chase,
3      Case No. CV-11-10072-ODW.

4  SUF, No. 34.

5      Contrary to Plaintiff's whimsical contentions as to the meaning of number

6  "432551",[3] the most self-evident explanation is that, rather than corresponding to the

7  "Standard & Poor Number 31379XQC2", the number "4325-5-14" that appears on

8  Page 2 of the recorded DOT refers to the Assessor's Parcel Number for the Subject

9  Property, which is "4325-005-014".  See SUF, Nos. 29 – 30.   It is simply that the

10  number on the DOT omits the zeroes contained in the Assessor's Parcel Number.

11  SUF, No. 31.

12      Plaintiff's other theory regarding the "condominium note" is also equally

13  spurious.  Simply because the "condominium note", which pertains to a different loan

14  and to a different property, and which is the subject of Case No. CV-11-10072-ODW,

15  was purportedly sold to a securitized trust, does not in and of itself  provide any basis

16  whatsoever that the Note for the  Subject Loan "was then sold to an investment trust

17  and became part of, or was subject to, a Loan Pool, a Pooling and Servicing

18  Agreement, a Collateralized Debt Obligation, a Mortgage-Backed Security, a

19  Mortgage Pass-Through Certificate, a Credit Default Swap, an Investment Trust,

20  and/or a Special Purpose Vehicle,"  as alleged in the SAC ¶ 14.  As set forth in

21  *Matsushita, supra*, 475 US 574, 586-587, "When the moving party has carried its

22  burden under Rule 56(c), its opponent *must do more than simply show that there is*

23  *some metaphysical doubt* as to the material facts ... Where the record taken as a whole

24  could not lead a rational trier of fact to find for the nonmoving party, there is no

25  'genuine issue for trial.'"  Here, the Plaintiff has attempted to construct his case only

26

27      ⸻⸻⸻⸻⸻⸻⸻

        [3] The Court is asked to note that Plaintiff did not even state the correct number on the face page
28  of the DOT.   Rather than "432551", the number appearing on the face page of the DOT is "4325-5-
    14".

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT          Case No. CV-10 8185 ODW (FFMx)
3173703.1 -- AL109.W1642

on nonsensical conjectures.  For these reasons, Defendants' MSJ should be granted as to the second cause of action.

The only other basis that Plaintiff provides in his responses to JPMorgan's First Set of Interrogatories is that the Note was sold is based on his claim that Plaintiff purportedly filled out only one loan application for the Subject Loan and the loan that Plaintiff obtained from WaMu which was secured by the Wilshire Boulevard condominium located at 10660 Wilshire Blvd., #1401, Los Angeles, CA 90024, which is the subject of the related USDC Case No. CV-11-10072-ODW (FFMx) ("Condominium Loan").  See SUF, Nos. 36 – 39.  However, the Uniform Residential Loan Application ("Loan Application"), which is attached as Exhibit "2" to the SAC, does not even reference the Subject Loan.  At page 1, the Loan Application references only the Condominium Loan.  Furthermore, the Subject Loan was an entirely different loan than the Condominium Loan.  The Subject Loan is based on a Residential Construction Loan Agreement.  SUF, Nos. 1 – 2 and 16.  According to the Plaintiff's allegations, the Condominium Loan was a simple loan secured by a residential structure that had already been constructed.  SUF, Nos 42.  Furthermore, the Uniform Residential Application that was submitted on behalf of the Condominium Loan is different than the Loan Application used for the Subject Loan.  SUF, No. 41.  Consequently, there is no evidentiary basis upon which to draw any inference that because the Condominium Loan's note was purportedly sold to a securitized trust pursuant to a Pooling and Service Agreement, that the Subject Loan's Note was also sold.  In fact, according to JPMorgan's records, the Note was not sold.  SUF, Nos. 15 and 16.  For these reasons, JPMorgan's MSJ should be granted as to the second cause of action.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

### 2.   No Recording of Transfer of Beneficial Interest Is Required Under California Law

Under California law, no recording of the note is required to evidence the transfer of a note. *See Fontenot v. Wells Fargo  Bank,  N.A.*, 198 Cal. App. 4th 256, 271-72, 129 Cal.Rptr.3d 467, 480-481 (2011) ("Fontenot"), which holds in pertinent part:

> There is a further, overriding basis for rejecting a claim based solely on the alleged invalidity of the MERS assignment.  Plaintiff's cause of action ultimately seeks to demonstrate that the nonjudicial foreclosure sale was invalid because HSBC lacked authority to foreclose, never having received a proper assignment of the debt. In order to allege such a claim, it was not enough for plaintiff to allege that MERS's purported assignment of the note in the assignment of deed of trust was ineffective. Instead, plaintiff was required to allege that HSBC did not receive a valid assignment of the debt *in any manner*. **Plaintiff rests her argument on the documents in the public record, but assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded. The lender could readily have assigned the promissory note to HSBC in an unrecorded document that was not disclosed to plaintiff.**[11] To state a claim, plaintiff was required to allege not only that the purported MERS assignment was invalid, but also that HSBC did not receive an assignment of the debt in any other manner. There is no such allegation

Emphasis added.  See also *Salvador Herrera v. Federal Nation Mortgages Association*, 2012 WL 1726950 (May 17, 2012).

Plaintiff alleges in the SAC, ¶ 28 that "neither WaMu, Chicago Title, CRC nor Chase has recorded a transfer of the beneficial interest in the Note to Chase." However, as set forth in *Fontenot, supra*, transfers or assignments of the note are commonly not recorded.  Consequently, the mere allegation that no "transfer of the beneficial interest has been recorded" fails to support that such an interest was not transferred to JPMorgan.  For this reason, the MSJ should be granted.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

**3.      No Action Can Be Brought To Determine Whether The Foreclosing Party Has The Authority to Foreclose**

California law does not provide for a judicial action to determine whether the person initiating the foreclosure has the authority to do so.  *Gomes v. Countrywide Home Loans, Inc.,* 192 Cal. App. 4th 1149, 1155, 121 Cal. Rptr. 3d 819, 824 (2011), review denied (May 18, 2011), cert.  denied, 132 S. Ct. 419, 181 L. Ed. 2d 287 (U.S. 2011), which holds in pertinent part:

> In his declaratory relief cause of action, Gomes sets forth the purported legal authority for his first cause of action, alleging that Civil Code section 2924, subdivision (a), by "necessary implication," allows for an action to test whether the person initiating the foreclosure has the authority to do so. We reject this argument. Section 2924, subdivision (a)(1) states that a "trustee, mortgagee, or beneficiary, or any of their authorized agents" may initiate the foreclosure process. However, nowhere does the statute provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized, and we see no ground for implying such an action. (See *Lu v. Hawaiian Gardens Casino, Inc.* (2010) 50 Cal.4th 592, 596, 113 Cal.Rptr.3d 498, 501, 236 P.3d 346 [legislative intent, if any, to create a private cause of action is revealed through the language of the statute and its legislative history].) Significantly, " [n]onjudicial foreclosure is less expensive and more quickly concluded than judicial foreclosure, since there is no oversight by a court, '[n]either appraisal nor judicial determination of fair value is required,' and the debtor has no postsale right of redemption." (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1236, 44 Cal.Rptr.2d 352, 358, 900 P.2d 601.) The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures.

Emphasis added.

Consequently, Plaintiff is wrong under California law when he alleges that "[i]f Chase can prove that it is a servicer, Chase cannot foreclose on Plaintiff's property without authorization from the Lender under the terms of the Deed of Trust."  See SAC, ¶ 30.

In this case, the facts establish that CRC and JPMorgan have complied with

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1   Civil Code § 2924 -2924k.  See SUF, Nos.  18 – 27.  Furthermore, it is clear that

2   JPMorgan, pursuant to ¶ 3.1 of the P & A Agreement acquired "all right, title and

3   interest of the Receiver in and to all of the assets of Washington Mutual Bank".   SUF,

4   No.  11 – 14.  At ¶ 3.1, the P & A Agreement further provides that JPMorgan

5   purchases "*all* mortgage servicing rights and obligations of Washington Mutual

6   Bank."  (Emphasis added.)  SUF, No.  14.  Consequently, there is no basis to dispute

7   JPMorgan's acquisition of WaMu's servicing rights in the Subject Loan, in addition

8   the Note.

9       Furthermore, the evidence establishes that CRC as the trustee is entitled under

10   the DOT to institute and conduct the foreclosure procedures as to the Subject Loan.

11   See SUF, Nos. 18 - 19.  See *Rosenfeld v. JPMorgan Chase Bank, N.A.,* 732 F. Supp.

12   2d 952, 963 (N.D. Cal. 2010), which holds in pertinent part:

> Where a deed of trust contains a power-of-sale clause, the beneficiary may pursue non-judicial foreclosure, commonly referred to as a trustee's sale, under section 2924. *Ung v. Koehler*, 135 Cal.App.4th 186, 192, 37 Cal.Rptr.3d 311, 314 (2005). **Here, the power-of-sale clause is included on page three of the first DOT, which provides that "Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the [P]roperty ...." (RJN, Ex. 1, Dkt. # 11.) Further, the NOD complies with section 2924; it identifies CRC as Trustee, provides the instrument number under which the first DOT was recorded, informs Plaintiff of the amount for which he is in arrears, and further notifies him of the election to sell under the first DOT. (RJN Ex. 4, Dkt. # 11.) Thus, the Court finds that CRC complied with section 2924.**
>
> Further, the Court finds no merit to Plaintiff's argument that there were improprieties in the assignment of the power-of-sale clause in the first DOT. In support of his claim, Plaintiff argues that there is no record of an assignment of the beneficial interest from WaMu/Chase. (Pl.'s Opp'n 6:13–15, Dkt. # 13.) **However, the first DOT identifies WaMu as lender and beneficiary, and CRC as the Trustee under the instrument. (RJN, Ex. 1, Dkt. # 11.) Under the Agreement, Chase acquired certain assets and liabilities of WaMu from the FDIC, which was acting as receiver for WaMu. (RJN, Ex. 5, Dkt. # 11.)  BofA was assigned beneficial interest in the first DOT by Chase as evidenced by the Assignment of DOT. (RJN, Ex. 3, Dkt. # 11.) Thus, CRC, the Trustee under the first DOT, acted as the authorized agent of BofA when it recorded the NOD, in compliance with section 2924(a)(1).**

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

15

1  *Rosenfeld v. JPMorgan Chase Bank, N. A.*, 732 F. Supp. 2d 952, 963 (N.D. Cal. 2010)

2  ("*Rosenfield*")  (Emphasis added.)

3      In this case, pursuant to ¶ 24 of the DOT, the lender at its option had the right to

4  appoint a successor trustee.  SUF, No. 6.  The Substitution of the Trustee, substituting

5  CRC as trustee, was recorded on May 3, 2010.  SUF, No. 19.  Consequently, as the

6  District Court in *Rosenfeld* holds, CRC was and is entitled to administer the

7  foreclosure proceedings in this case.  For this reason, there is no basis upon which to

8  call the foreclosure wrongful and thus the MSJ should be granted as to this cause of

9  action.

10            **4.    California Cases Have Uniformly Held That Possession of the**

11                  **Note Is Not A Requirement To Conducting A Non-Judicial**

12                  **Foreclosure**

13      Under California law, as well as under many federal cases, there is no

14  requirement that the foreclosing parties possess the original note.  See the recent case

15  of *Debrunner v. Deutsche Bank National Trust* Company, 204 Cal. App. 4th 433, 440

16  138 Cal.Rptr.3d 830, 835 (2012), which holds in pertinent part:

17          Plaintiff raises several issues related to the validity of the
           transfer of the deed of trust, but his position on most of them
18          is predicated on a single contention, that no foreclosure of a
           deed of trust is valid unless the beneficiary is in possession
19          of the underlying promissory note. . .

20          As the parties recognize, many federal courts have rejected
           this position, applying California law. All have noted that
21          the procedures to be followed in a nonjudicial foreclosure
           are governed by sections 2924 through 2924k, which do not
22          require that the note be in the possession of the party
           initiating the foreclosure. (See, e.g., *Geren v. Deutsche Bank*
23          *National* (E.D.Cal.2011) 2011 WL 3568913; *Kolbe v. JP*
           *Morgan Chase Bank, N.A.* (N.D.Cal.2011) 2011 WL
24          4965065; *Hague v. Wells Fargo Bank, N.A.* (N.D.Cal.2011)
           2011 WL 3360026, 3; *Impink v. Bank of America*
25          (S.D.Cal.2011) 2011 WL 3903197.) **We likewise see**
           **nothing in the applicable statutes that precludes**
26          **foreclosure when the foreclosing party does not possess**
           **the original promissory note.**.

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

*Debrunner v. Deutsche Bank Nat. Trust Co.*, 204 Cal. App. 4th 433, 440 (2012) (emphasis added).

Consequently, in order to conduct the foreclosure proceedings, Defendants are not required, as erroneously alleged at ¶ 31 of the SAC, to produce the original promissory note, a copy of which is attached as Exhibit "3" to the Waller Decl. Consequently, Defendants' MSJ should be granted.

### 5. The Signature on the Substitution of Trustee  Is That of Deborah Brignac

The signature that appears on the Substitution of Trustee is that of Deborah Brignac ("Brignac"), who was entitled to sign the document on behalf of JPMorgan, the present beneficiary on the Subject Loan.  See SUF, No. 20.  Consequently, Plaintiff's allegations at ¶¶ 36 - 39 that Brignac did not sign the NOTS are without merit.  For these reasons, the MSJ should be granted.

### C. No Third Claim for Quasi-Contract Can Been Stated

Plaintiff's rights and obligations vis-a-vis JPMorgan are controlled by the Note and DOT, which are attached as Exhibits "4" and "6" to the Waller Decl.  SUF, Nos. 2 – 8.  These two agreements, as between  Plaintiff,  JPMorgan and CRC, constitute the controlling documents as to their obligations and duties under the Subject Loan and as to the security interests in the Subject Property and the statute of frauds directs all parties to look to these documents to establish their respective rights and obligations. The attempt to plead some quasi-contract in substitution of these two documents must fail.  See *Hedging Concepts, Inc. v. First Alliance Mortgage Co.,* 41 Cal.App.4th 1410, 1420, 49 Cal.Rptr.2d 191, 197-198 (1996) and *Lance Camper Manufacturing Corp. v. Republic Indemnity Co. of America,* 44 Cal.App.4th 194, 203, 51 Cal.Rptr.2d 622, 628 (1996), which states in pertinent part:

> Finally, as to the Insured's claim of unjust enrichment resulting in an implied-in-fact contract, it is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter. (*Wal-Noon Corp. v. Hill* (1975) 45 Cal.App.3d 605, 613 [119

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

17

AlvaradoSmith
A Professional Corporation
Los Angeles

Cal.Rptr. 646, 650-651]; *Tollefson v. Roman Catholic Bishop* (1990) 219 Cal.App.3d 843, 855 [268 Cal.Rptr. 550, 557].)  Here, the Insured has alleged the existence and validity of an enforceable written contract between the parties in its first two causes of action. The Insured then realleges the existence of the written contract in its claim of a quasi-contract. This is internally inconsistent. The Insured must allege that the express contract is void or was rescinded in order to proceed with its quasi-contract claim. (*Lloyd v. Williams* (1964) 227 Cal.App.2d 646, 649 [38 Cal.Rptr. 849, 851].)  It seems unlikely that the Insured would want to avoid the contract or claim a rescission, inasmuch as this would require the Insured to return the benefits it received under the contract. (*Ibid.*).

In the Court's Minute Order, the Court denied the Motion To Dismiss for the following reasons:

Plaintiff seeks restitution by alleging that JPMorgan was unjustly enriched by "any payments he made to [JPMorgan] that were not paid to the lender or beneficiary, if any." (SAC ¶ 44.) The Court previously dismissed Plaintiffs claim for restitution because Plaintiffs "argument [was] based on his assertion that JPMorgan is not the owner, a holder, or a beneficiary under the note." *(See* Dkt. No. 28 at 5.) As the Court noted above, however, Plaintiff has cured any deficiencies with respect to this assertion. While JPMorgan correctly contends that unjust enrichment, restitution, or quasi contract are not independent causes of action, (Mot. at 7), as previously discussed, Plaintiffs allegations that JPMorgan did not own his Note have been sufficiently alleged. Consequently, if indeed JPMorgan did not own the Note yet received payments therefrom, those payments may have been received unjustly. Accordingly, Defendant's Motion is **DENIED** as to Plaintiff's third claim for quasi contract.

As shown above, JPMorgan does own the Note.  However, under the terms of the DOT, JPMorgan would still be entitled to administer the Subject Loan, if as erroneously alleged in the SAC, JPMorgan had acquired only the servicing rights from the FDIC acting as receiver when JPMorgan entered into the P & A Agreement to purchase WaMu's assets.  Under the terms of ¶ 20 of the DOT, Plaintiff agreed to the following terms:

The Note or a partial interest in the Note (together with the Security Instrument) can be sold one or more times without prior notice to the borrower.

SUF, No. 7.

---

18

1   Furthermore, the DOT states that in the event that the Note or interest in the

2   Note were to be transferred, the loan servicing duties will remain with the successor

3   Loan Servicer:

4

5   If the Note is sold and thereafter the Loan is serviced by a
    Loan Servicer other than the purchaser of the Note, the

6   mortgage loan servicing obligations to Borrowers will
    remain with the Loan Servicer or be transferred to a

7   successor Loan Servicer and are not assumed by the Note
    purchaser under otherwise provided by the Note purchaser.

8   SUF, No.  8.

9   Consequently, even if as erroneously alleged at ¶ 34 in the SAC, the Note had

10  been sold to a securitized trust, which it was not, JPMorgan, which under the P & A

11  Agreement acquired all of WaMu's servicing rights, still would have been authorized

12  and entitled to collect the monthly payments on behalf of any entity to whom the Note

13  had been sold.  SUF, No. 13. As the owner of the Note and the Loan Servicer,

14  JPMorgan was entitled to collect monthly payments from Plaintiff.  For these reasons,

15  the MSJ should be granted as to the third claim because there is no legal basis for the

16  Plaintiff to have the Note and DOT declared void.  For these reasons, Defendants'

17  MSJ should be granted.

18  **D.    No Fifth Claim for Quiet Title Can Been Stated**

19  The Court is asked to take note that a quiet title claim does not apply in this

20  case because a security interest does not constitute an adverse claim in real property.

21  See *Lupertino v. Carbahal*, 35 Cal.App.3d 742, 748, 111 Cal. Rptr. 112 (1973) A

22  deed of trust "carries none of the incidents of ownership of the property, other than the

23  right to convey upon default on the part of the debtor in payment of his debt.")

24  Furthermore, whether a notice of default or a notice of trustee sale has been recorded

25  on the subject property does not affect Plaintiff's ownership right in the subject

26  property.  See *Ernesto and Araceli Ortiz v. Accredited Home Lenders, Inc*., et. al. 639

27  F.Supp.2d 1159 (Cal. 2009) ("Plaintiffs are still the owners of the Property.  The

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT          Case No. CV-10 8185 ODW (FFMx)
3173703.1 -- AL109.W1642

1  recorded foreclosure Notices do not affect Plaintiffs' title, ownership, or possession in

2  the Property.")

3        Furthermore, Plaintiff fails to state a claim for Quiet Title because he has not

4  paid the $2,660,000.00 plus interest that is owing under the Subject Loan.  SUF, No.

5  64.  Unless such a showing is made, no quiet title claim has been stated.  See

6  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010),

7  which holds in pertinent part:

8              Here, Plaintiff cannot establish that he is entitled to quiet
             title. A basic requirement of an action to quiet title is an
9            allegation that plaintiffs "are the rightful owners of the
             property, i.e., that they have satisfied their obligations under
10           the deed of trust." *Kelley v. Mortgage Elec. Registration
             Sys.*, 642 F.Supp.2d 1048, 1057 (N.D.Cal.2009). **Thus, it is
11           dispositive as to this claim that, under California law, a
             borrower may not assert "quiet title" against a
12           mortgagee without first paying the outstanding debt on
             the property. *Miller v. Provost*, 26 Cal.App.4th 1703,
13           1707, 33 Cal.Rptr.2d 288, 290 (1994) ("a mortgagor of
             real property cannot, without paying his debt, quiet his
14           title against the mortgagee") (citation omitted); *Rivera v.
             BAC Home Loans Servicing, L.P.*, 2010 WL 2757041, at
15           *8 (N. D. Cal. July 9, 2010).** As Plaintiff concedes that he
             has not paid the debt secured by the mortgage, he cannot
16           sustain a quiet title action against Defendants. Accordingly,
             Plaintiff's eleventh cause of action for quiet title is
17           DISMISSED WITHOUT LEAVE TO AMEND

18  Emphasis added.     See also (*Nool v. Homeq Servicing*, 2009 U.S. Dist. LEXIS

19  80640, *20 (E.D. Cal. Sept. 3, 2009) (a "mortgagor of real property cannot, without

20  paying his debt, quiet his title against the mortgagee."); *Miller v. Provost*, 26 Cal.

21  App. 4th 1703, 1707, 33 Cal.Rptr.2d 288, 290 (1994) ("a trustor/borrower is unable to

22  quiet title without discharging his debt.  The cloud upon his title persists until the debt

23  is paid.")  *Coyotzi v. Countrywide Fin. Corp.*, 2009 U.S. Dist. LEXIS 91084, *54

24  (E.D. Cal. Sept. 15, 2009); *Pagtalunan v. Reunion Mortg., Inc.*, 2009 U.S. Dist.

25  LEXIS 34811, *14 (N.D. Cal. April 8, 2009).  For this reason alone, Plaintiff's fifth

26  claim should be dismissed.

27        In the SAC, ¶ 63, Plaintiff erroneously alleges that his "obligations under the

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1   DOT were fulfilled and the loan was fully paid when WaMu received funds in excess

2   of the balance on the Note as proceeds of sale through securitization(s) of the loan and

3   insurance proceeds from Credit Default Swaps."  As shown above in section "A", no

4   sale of the Note has occurred.  However, even assuming Plaintiff's erroneously alleged

5   facts that the Note was sold to a securitized trust, this alleged fact would still not

6   entitle Plaintiff to quiet title.  See *Matraecia v. JPMorgan Chase Bank, NA*, 2011 WL

7   3319721, * (E. D. 2011) ("There is no legal authority that the sale or pooling

8   investment interests in an underlying note can relieve borrowers of their mortgage

9   obligations or extinguish a secured party's right to foreclose on secured property.")

10   In other words, even under Plaintiff's erroneous claim that the Note was sold to

11   a securitized trust, no quiet title claim can be stated because Plaintiff has not satisfied

12   his obligations under the DOT.  Thus, Defendants' MSJ should be granted as to this

13   fifth claim for this additional reason.

### E.   No  Sixth Claim for Declaratory and Injunctive Relief Can Been Stated

16   Under Federal law, "[d]eclaratory relief is appropriate when (1) the judgment

17   will serve a useful purpose in clarifying and settling the legal relations in issue, and

18   (2) when it will terminate and afford relief from the uncertainty, insecurity, and

19   controversy giving rise to the proceeding. *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th

20   Cir. 1986).  A Federal Court may decline to address a claim for declaratory relief

21   where "the relief [a] plaintiff seeks is entirely commensurate with the relief sought

22   through [his] other causes of action. . .[the] declaratory relief claim is duplicative and

23   unnecessary." *Mohammed Adhavein v. Argent Mortgage Co.*, 2009 U.S. Dist. LEXIS

24   61796, *14 (N.D. Cal. July 17, 2009) ("*Mohammed*"); *Mangindin v. Washington

25   Mutual Bank*, 2009 U.S. Dist. LEXIS 51231, *13-*14 (N.D. Cal. June 18 2009).

26   Here, Plaintiff seeks to have the Court adjudicate claims that are redundant of

27   his other alleged causes of action and are therefore unnecessary.  In the SAC, ¶ 67,

28   Plaintiff merely repeats his claims that JPMorgan or CRC cannot foreclose because

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1   JPMorgan is not present holder or beneficiary of the Note and that Brignac's signature

2   is forged on the Substitution of Trustee.  These claims have been already alleged at

3   SAC, ¶¶ 28 – 39.  However, as shown above, Civil Code § 2924 -2924k do not require

4   possession of the original note in order to foreclose.  Nor was Brignac's signature on

5   the Substitution forged.  See SUF, Nos. 19 - 20.  Consequently, Plaintiff's declaratory

6   relief claims also similarly fail along with their corresponding or encompassed causes

7   of action.  *See Pagtalunan*, 2009 U.S. Dist. LEXIS 34811 at *6-*7.  As a result, the

8   SAC fails to allege any basis for contending that declaratory relief would be necessary

9   or useful.

10       Nor is Plaintiff entitled to injunctive relief.  A request for injunctive relief by

11   itself does not state a cause of action ...." *Mbaba v. Indymac Federal Bank F.S.B.*, No.

12   1:09–CV–01452–OWW–GSA, 2010 WL 424363, at *4 (E.D.Cal. Jan. 27, 2010); see

13   also *Edejer v. DHI Mortgage Co.*, No. C. 09–1302 PJH, 2009 WL 1684714, at *10

14   (N.D.Cal. June 12, 2009).  "An injunction is a remedy, not a separate claim or cause

15   of action.  A pleading can . . . request injunctive relief in connection with a substantive

16   claim, but a separately pled claim or cause of action for injunctive relief is

17   inappropriate." *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D.

18   Cal. 2010).  As set forth in the MSJ, Plaintiff has not stated any basis entitling him to

19   relief under any of the claims in his SAC, injunctive or otherwise.  Thus, Defendants'

20   MSJ should be granted as to this claim for relief.

21   ///

22   ///

23   ///

24

25

26

27

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT      Case No. CV-10 8185 ODW (FFMx)
3173703.1 -- AL109.W1642

1  **V.      CONCLUSION**

2        Based on the foregoing, JPMorgan and CRC are entitled to partial summary

3  judgment as to one or more of the five remaining claims set forth in the SAC.

4

5  DATED:  June 21, 2012                    Respectfully submitted,

6                                           ALVARADOSMITH
                                            A Professional Corporation
7

8                                           By: /s/ Michael B. Tannatt
9                                                THEODORE E. BACON
                                                 DAVID J. MASUTANI
10                                               MICHAEL B. TANNATT
                                                 Attorneys for Defendants
11                                               JPMORGAN CHASE BANK, N. A. and
                                                 CALIFORNIA RECONVEYANCE
12                                               COMPANY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT          Case No. CV-10 8185 ODW (FFMx)
3173703.1 -- AL109.W1642