THEODORE E. BACON (CA Bar No. 115395)
tbacon@alvaradosmith.com
DAVID J. MASUTANI (CA Bar No. 172305)
dmasutani@alvaradosmith.com
MICHAEL B. TANNATT (CA Bar No. 117133)
mtannatt@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel:  (213) 229-2400
Fax:  (213) 229-2499

Attorneys for Defendants
JPMORGAN CHASE BANK, N. A. and CALIFORNIA
RECONVEYANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYOUSH JAVAHERI,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., CALIFORNIA RECONVEYANCE COMPANY and DOES 1-150, inclusive,<br><br>Defendants. | Case No.: **CV-10 8185 ODW (FFMx)**<br><br>The Hon. Otis D. Wright II.<br><br>SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>DATE:        July 30, 2012<br>TIME:        1:30 p.m.<br>CRTRM:    11<br><br>Action Filed:        October 29, 2010<br>Trial Date:           September 18, 2012 |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

3192364.1 -- AL109.W1642

Pursuant to Federal *Rule of Civil Procedure 56*, and United States District Court for the Central District of California *Local Rule 260*, defendants submit the following Statement of Undisputed Material Facts and Supporting Evidence in support of the Motion for Partial Summary Judgment against plaintiff Daryoush Javaheri ("Plaintiff").

## SUMMARY JUDGMENT

| Moving Party's Uncontroverted Facts: | Supporting Evidence: |
|---|---|
| 1.  In November, 2007, plaintiff Daryoush Javaheri ("Plaintiff") executed a Residential Construction Loan Agreement (the "Agreement") for the loan in question, loan number 3010332439 ("Subject Loan"). | 1.  Declaration of Eric Waller ("Waller Decl."), ¶ 6 and copy of the Agreement attached thereto as Exhibit "3". |
| 2.  In November, 2007, the Plaintiff signed a Fixed/Adjustable Rate Note, along with a Construction Loan Addendum to Note (hereinafter collectively referenced collectively as the "Note") for the Subject Loan. | 2.  Waller Decl., ¶ 6 and copy of the Note attached thereto as Exhibit "4"; Tannatt Decl., ¶ 4 and Plaintiff's Depo. attached thereto as Exhibit "4", pg. 37, ll. 4 – 24. |
| 3.  A thorough and diligent search for the original of the Note has been made. However, the hard copy collateral file pertaining to the Subject Loan containing the original of the Note cannot be located.  The Affidavit of Lost | 3.  Waller Decl., ¶ 7 and copy of Affidavit of Lost Note attached thereto as Exhibit "5". |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

3192364.1 -- AL109.W1642

| | |
|---|---|
| Note states that: "The loss of possession [of the original of the Note] is not the result of the original Note being cancelled or transferred to another party." | |
| 4. The Subject Loan was in the principal amount of $2,660,000.00. | 4. Waller Decl., ¶ 6 and copy of the Note attached thereto as Exhibit "4". |
| 5. Under the terms of the Note, WaMu agreed to advance the Subject Loan's proceeds for the purpose of financing the purchase commonly known as 10809 Wellworth Avenue, Los Angeles, California 90024 ("Subject Property"), the construction of the residence ("Residence") on the Subject Property and/or other improvements to be made on the Subject Property, and if applicable, the refinancing of any existing liens on the Subject Property. | 5. Waller Decl., ¶ 6 and copy of the Agreement attached thereto as Exhibit "3" and copy of the Note, attached thereto as Exhibit "4". |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

3192364.1 -- AL109.W1642

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| 6.  This Note was secured by a deed of trust ("DOT"), which encumbered the Subject Property for the amount owing under the Subject Loan. The DOT provides at ¶ 24 that the "Lender, at its option, may appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located." | 6.  Waller Decl., ¶ 8; and  copy of  the recorded DOT attached thereto as Exhibit "6" ; Declaration of Michael B. Tannatt ("Tannatt Decl."), ¶ 4 and copy of pages from the Deposition of Daryoush Javaheri ("Plaintiff's Depo.") attached thereto as Exhibit "4", pg. 38, l. 7 to pg. 39, l. 17. |
| 7.  Paragraph 20 of the DOT provides: The Note or a partial interest in the Note (together with the Security Instrument) can be sold one or more times without prior notice to the borrower. | 7.  Waller Dec., ¶ 8 and copy of recorded DOT, ¶ 20 attached thereto as Exhibit "6". |
| 8.  Paragraph 20 of the DOT provides:<br><br>If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrowers will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser. | 8.  Waller Decl., ¶ 8 and copy of recorded DOT, ¶ 20 attached thereto as Exhibit "6". |
| 9.  On September 25, 2008 the Office of Thrift Supervision closed WaMu and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver ("OTS Order"). | 9.  Waller Decl., ¶ 4 and copy of the OTS Order attached thereto as Exhibit "1". |

3192364.1 -- AL109.W1642

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| 10. WaMu, formerly a federally-chartered savings and loan association, is now in receivership under the control of the FDIC. | 10. Waller Decl., ¶ 4 and copy of the OTS Order attached thereto as Exhibit "1". |
| 11. September 25, 2008 is the date when JPMorgan acquired certain of WaMu's assets by entering into a Purchase and Assumption Agreement ("P & A Agreement") with the FDIC. | 11. Waller Decl., ¶ 4 and copy of the P & A Agreement attached thereto as Exhibit "2". |
| 12. The Subject Loan was among the assets which JPMorgan acquired through the P & A Agreement. | 12. Waller Decl., ¶ 4 and copy of the P & A Agreement attached thereto as Exhibit "2". |
| 13. Pursuant to the terms of the P & A Agreement, JPMorgan is currently handling the Subject Loan. | 13. Waller Decl., ¶ 5 and copy of the P & A Agreement attached thereto as Exhibit "2"; Tannatt Decl., ¶ 4, Plaintiff's Depo. attached thereto as Exhibit "4", pg. 34, ll. 11 – 19. |
| 14. Paragraph 3.1 of the P & A Agreement states: "Notwithstanding Section 4.8, the Assuming Bank specifically purchases all mortgage servicing rights and obligations of the Failed Bank." | 14. Waller Decl., ¶ 5 and copy of the P & A Agreement attached as Exhibit "2" thereto. |
| 15. JPMorgan also is the current holder of the beneficial interest in the Subject Loan. | 15. Waller Decl., ¶ 5 and copy of the P & A Agreement attached thereto as Exhibit "2". |
| 16. The Subject Loan has never been sold to a securitized trust. | 16. Waller Decl., ¶ 5; Tannatt Decl., ¶ 4 and Plaintiff's Depo., attached thereto as |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| | Exhibit "4", pg. 23, ll. 5 – 25; pg. 24, ll. 5 – 13 and ll. 14 – 22; pg.; 26, ll. 10 – 25; pg. 28, ll. 7 – 18. |
| 17. On October 16, 2009, a Notice of Completion of the Residence and or other improvements to be completed on the Subject Property ("Notice of Completion") was recorded in the official records the Los Angeles Recorder's Office as document number 20091574519. | 17. Waller Decl., ¶ 4 and copy of the Notice of Completion attached thereto as Exhibit "7"; Tannatt Decl. and copy of Plaintiff's Depo. attached thereto as Exhibit "4", pg. 31, ll. 5 – 7. |
| 18. Beginning in 2009, Plaintiff fell behind on his monthly payments. | 18.  Waller Decl., ¶ 10; Tannatt Decl., ¶ 4 and copy of Plaintiff's Depo. attached thereto as Exhibit "4", pg. 32, ll. 4 – 24; pg. 44, ll. 11 – 22; pg. 46, ll. 8 – 25; pg. 60, ll. 16 – 21; pg. 62, ll. 2 – 25; pg. 69; pg. 71, l. 10 pg. 72, l. 8. |
| 19. On May 3, 2010, a Substitution of Trustee ("Substitution") was recorded in the official records of the Los Angeles County Recorder's Office as Document Number 20100596312.  By this Substitution, CRC was substituted as the trustee in place of the original trustee Chicago Title Company. | 19.  Declaration of Jessica Snedden ("Snedden Decl."), ¶ 4 and copy of the recorded Substitution attached thereto as Exhibit "1". |
| 20. As of April 30, 2010, Deborah Brignac ("Brignac") had signing authority as a Vice-President of | 20. Declaration of Deborah Brignac, ¶ 3 and copy of the recorded Substitution attached  as Exhibit "1" to the Snedden |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

3192364.1 -- AL109.W1642

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| JPMorgan Chase Bank, N.A. In this capacity, Brignac was authorized to sign and did sign the Substitution on behalf of JPMorgan Chase Bank, N.A. | Decl. |
| 21. On May 3, 2010, a Notice of Default and Election to Sell ("NOD") was recorded in the official records of the Los Angeles County Recorder's Office as Document No. 20100596313. | 21. Snedden Decl., ¶ 5 and copy of the recorded NOD attached thereto as Exhibit "2". |
| 22. On May 14, 2010, a Notice of Rescission ("Rescission Notice") was recorded in the official records of the Los Angeles County Recorder's Office as Document No. 20100661623. | 22. Snedden Decl., ¶ 6 and copy of the recorded Rescission Notice attached thereto as Exhibit "3". |
| 23. On May 14, 2010, a second Notice of Default and Election To Sell ("2nd NOD") was recorded in the official records of the Los Angeles County Recorder's Office as Document No. 20100661624. | 23. Snedden Decl., ¶ 7 and copy of the recorded Rescission Notice attached thereto as Exhibit "4". |
| 24. A copy of the 2nd Nod was mailed to Plaintiff on or about May 24, 2010 and June 4, 2010. | 24. Snedden Decl. ¶ 7 and copies of the Affidavits of Mailing of the 2nd NOD to the Plaintiff collectively attached thereto as Exhibit "5", which include both the Affidavits of Mailing for May 24, 2010 and for June 8, 2010. |
| 25. On August 16, 2010, a Notice of Trustee's Sale ("NOTS") was recorded in | 25. Snedden Decl., ¶ 8 and copy of the recorded NOTS attached as |

3192364.1 -- AL109.W1642

| | |
|---|---|
| the official records of the Los Angeles County Recorder's Office as Document No. 20101136133. | Exhibit "6". |
| 26.  A copy of the NOTS was mailed to Plaintiff on or about August 16, 2010. | 26.  Snedden Decl., ¶ 8 and copy of the Affidavits of Mailing of the NOTS to the Plaintiff attached thereto as Exhibit "7". |
| 27. Notice of the Trustee's Sale was published in the Daily Commerce newspaper. | 27. Snedden Decl., ¶ 8 and copy of the Proof of Publication of the NOTS attached thereto as Exhibit "8". |
| 28. The Notice of Trustee's Sale was also posted to the Subject Property. | 28. Snedden Decl., ¶ 8 and copy of the Certificate of Posting of the NOTS attached thereto as Exhibit "9". |
| 29. The recorded Substitution, the recorded 2nd NOD and recorded NOTS contain the Assessor's Parcel Number for the Subject Property. | 29. Snedden Decl., ¶ 9 and copies of the Substitution, the 2nd NOD and NOTS respectively attached thereto as Exhibits "1", "4", and "8". |
| 30. The Assessor's Parcel Number for the Subject Property is 4325-005-014. | 30. Snedden Decl., ¶ 9. |
| 31. The number written on the front page of the recorded DOT is "4325-5-14". | 31.  Waller Decl., ¶ 8 and copy of the recorded DOT attached thereto as Exhibit "6". |
| 32. The Uniform Residential Application attached as Exhibit "2" to the Second Amended Complaint was signed on September 8 2006 and does not indicate that it was an application for the Subject | 32. Copy of the Uniform Residential Application is attached as Exhibit "2" to Plaintiff's Second Amended Complaint. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

3192364.1 -- AL109.W1642

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| Loan. | |
| 33. JPMorgan's First Set of Interrogatories, No. 5, states: "STATE all facts on which YOU base YOUR contention in Paragraph 14 of YOUR COMPLAINT that "between November 15 and 30, 2007, WaMu transferred Plaintiff's Note to Washington Mutual Mortgage Securities Corporation." | 33. Tannatt Decl., ¶ 2 and attached thereto as Exhibit "1" a copy of Plaintiffs' response to JPMorgan's First Set of Interrogatories, Set One, Number 5. |
| 34. Plaintiff's response to JPMorgan's First Set of Interrogatories, No. 5, states: "The number 432551 was written on the face of Plaintiff's recorded Deed of Trust.  This number corresponded to Standard & Poor CUSIP # 31379XQC2.  WaMu also securitized the condominium note, as described in Plaintiff's Complaint in Javaheri v. JPMorgan Chase, Case No. CV-11-10072-ODW." | 34. Tannatt Decl., ¶ 2 and attached thereto as Exhibit "1" a copy of Plaintiff's response to JPMorgan's First Set of Interrogatories, Set One, Number 5. |
| 35. JPMorgan's First Set of Interrogatories, No. 6, states:  "STATE all facts on which YOU base YOUR contention in Paragraph 14 of YOUR COMPLAINT that "between November 15 and 30, 2007, WaMu transferred Plaintiff's Note to Washington Mutual Mortgage Securities Corporation." | 35. Tannatt Decl., ¶ 2 and attached thereto as Exhibit "1" a copy of JPMorgan's First Set of Interrogatories, Set One, Number 6. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

3192364.1 -- AL109.W1642

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| 36.Plaintiff's response to JPMorgan's First Set of Interrogatories, No. 6, states: "The number 432551 was written on the face of Plaintiff's recorded Deed of Trust.  This number corresponded to Standard & Poor CUSIP # 31379XQC2.  WaMu also securitized the condominium note, as described in Plaintiff's Complaint in Javaheri v. JPMorgan Chase, Case No. CV-11-10072-ODW." | 36. Tannatt Decl., ¶ 2 and attached thereto as Exhibit "1" a copy of Plaintiffs' response to JPMorgan's First Set of Interrogatories, Set One., Number 6. |
| 37.JPMorgan's First Set of Interrogatories, No. 7, states: "STATE all facts on which YOU base YOUR contention in Paragraph 14 of YOUR COMPLAINT that Plaintiff's Note was sold from Washington Mutual Mortgage Securities Corporation to 'an investment trust and became a part of, or was subject to, a Loan Pool, a Pooling and Servicing Agreement, a Collateralized Debt Obligation, a Mortgage-Backed Security, a Mortgage Pass-Through Certificate, a Credit Default Swap, an Investment Trust, and/or a Special Purpose Vehicle." | 37. Tannatt Decl., ¶ 2 and attached thereto as Exhibit "1" a copy of JPMorgan's First Set of Interrogatories, Set One., Number 7. |
| 38.Plaintiff's response to JPMorgan's First Set of Interrogatories, No. 7, states: | 38. Tannatt Decl., ¶ 2 and attached thereto as Exhibit "1" a copy of |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| "Discovery has just commenced.  This was WaMu's customary practice.  Plaintiff filled out one Uniform Residential Loan Application and submitted it to WaMu on September 8, 2006.  The threadbare application is attached to the verified Second Amended Complaint as Exhibit 2.  All of the loan transactions between WaMu and Plaintiff for purchase and construction of the Wellworth property, including loans secured by the Wilshire Blvd. condominium which is the subject of related USCD case # CV-11-10072-OSW (FFMx), were based on that one application.  Plaintiff was to sign documents relating to the property at 10809 Wellworth Avenue and the condominium at 10660 Wilshire Blvd. # 1401, Los Angeles, CA 90024, but he was never asked to read the documents, or to provide information regarding his assets or his income.  It was one interconnected web of securitized loans designed and implemented by employees of WaMu to generate fees.  Discovery is in a nascent stage." | Plaintiffs' response to JPMorgan's First Set of Interrogatories, Set One., Number 7. |
| 39.JPMorgan's First Set of | 39. Tannatt Decl., ¶ 2 and attached |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| Interrogatories, No. 8, states: STATE all facts on which YOU base YOUR contention in Paragraph 14 of YOUR COMPLAINT that Plaintiff's Note was sold from Washington Mutual Mortgage Securities Corporation to "an investment trust and became a part of, or was subject to, a Loan Pool, a Pooling and Servicing Agreement, a Collateralized Debt Obligation, a Mortgage-Backed Security, a Mortgage Pass-Through Certificate, a Credit Default Swap, an Investment Trust, and/or a Special Purpose Vehicle." | thereto as Exhibit "1" a copy of JPMorgan's First Set of Interrogatories, Set One, Number 8. |
| 40. Plaintiff's response to JPMorgan's First Set of Interrogatories, No. 8, states: "Discovery has just commenced. This was WaMu's customary practice. Plaintiff filled out one Uniform Residential Loan Application and submitted it to WaMu on September 8, 2006. The threadbare application is attached to the verified Second Amended Complaint as Exhibit 2. All of the loan transactions between WaMu and Plaintiff for purchase and construction of the Wellworth property, including loans secured by the Wilshire | 40. Tannatt Decl., ¶ 2 and attached thereto as Exhibit "1" a copy of Plaintiff's response to JPMorgan's First Set of Interrogatories, Set One, Number 8. |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

3192364.1 -- AL109.W1642

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| Blvd. condominium which is the subject of related USCD case # CV-11-10072-OSW (FFMx), were based on that one application.  Plaintiff was to sign documents relating to the property at 10809 Wellworth Avenue and the condominium at 10660 Wilshire Blvd. # 1401, Los Angeles, CA 90024, but he was never asked to read the documents, or to provide information regarding his assets or his income.  It was one interconnected web of securitized loans designed and implemented by employees of WaMu to generate fees. Discovery is in a nascent stage." | |
| 41. The Uniform Residential Loan Application ("Wilshire Blvd. Loan App.") that Plaintiff submitted relating to the condominium at 10660 Wilshire Boulevard # 1401, Los Angeles, California, CA 90024 ("Wilshire Blvd. Property") has no reference whatsoever to the Uniform Residential Loan Application that was submitted in regard to the Subject Loan, a copy of which is attached as Exhibit "2" the SAC. | 41. Tannatt Decl., ¶ 3 and attached thereto as Exhibit "2" a copy of Plaintiff's Complaint filed on December 5, 2011, Complaint Number CV11-10072 JKV (FMDX) regarding the Wilshire Blvd. Property ("Wilshire Blvd. Complaint"), to which is attached as Exhibit "2" copy of the Uniform Residential Loan Application submitted on behalf of the Wilshire Blvd. Property Loan. |
| 42. The loan obtained in reference to the Wilshire Blvd. Property, unlike the | 42. Tannatt Decl., ¶ 3 and attached thereto as Exhibit "2" a copy of |

3192364.1 -- AL109.W1642

| | |
|---|---|
| Subject Loan, did not involve a construction loan agreement. | Plaintiff's Wilshire Blvd. Complaint, ¶ 4 and copy of Adjustable Rate Note (which is attached to the Wilshire Blvd. Complaint as Exhibit "3"). |
| 43. As a standard practice in notating the activity occurring on the home loans that JPMorgan services, a Consolidated Notes Log ("Consolidated Notes Log") is kept.  These entries are contemporaneously made when the activity occurred. | 43. Waller Decl., ¶ 15 and copy of Consolidated Notes Log attached thereto as Exhibit "8". |
| 44. The Loss Mitigation Process Notes ("Loss Mitigation Notes") contains entries relating to loan modification activities once a loss mitigation file has been opened. | 44. Waller Decl., ¶ 15 and copy of Loss Mitigation Notes attached thereto as Exhibit "9". |
| 45. On February 2, 2010, someone called and stated that he was the borrower's attorney and that he would be sending in a loan modification package. | 45. Waller Decl., ¶ 16 and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001054, entry for February 2, 2010. |
| 46. On February 11, 2010, an agent for JPMorgan went to the address for the Subject Property and spoke with the Plaintiff's housekeeper.  The house keeper accepted a letter in an envelope marked confidential and stated to the agent that the Plaintiff would get the letter as soon as possible.  The | 46. Waller Decl., ¶ 17 and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001052, entry for February 19, 2010. |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

3192364.1 -- AL109.W1642

| | |
|---|---|
| housekeeper did not provide the agent with any employment or other contact information. | |
| 47. On or about February 19, 2010, a loan servicer spoke with Plaintiff. The loan servicer advised the Plaintiff of the status of the Subject Loan and that it was in foreclosure and advised Plaintiff of the workout options that were available to him. The loan servicer asked regarding Plaintiff's current income. Plaintiff informed that he was self-employed, that he did not have "definite number" as to what his income was but that his business of importing general merchandise to China was down. The loan servicer asked how much of a payment that he could afford. The Plaintiff said "about 8000 – 9000 payment." Plaintiff further informed that he had hired an attorney to work on this case and Plaintiff advised that "he should have document in by the next 2 weeks." The loan servicer further advised the Plaintiff that he needed to send a payment in right away due to the delinquency on the Subject loan and that by not doing so, the Plaintiff was | 47. Waller Decl., ¶ 18 and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001051, entries for February 19, 2010. |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

3192364.1 -- AL109.W1642

| | |
|---|---|
| "running the risk of foreclosure review." Plaintiff advised that he was "liquidating assets for more income and [that the] family is helping."  The loan servicer gave Plaintiff his contact information. | |
| 48. In the entry for February 24, 2010, it was noted that the Plaintiff would not be able to make payment and that the HUD notice went out on February 5, 2010 and expired on March 2, 2010.  It was further noted that a complete loan modification package was expected to be received in 2 weeks. | 48. Waller Decl., ¶ 19 and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001051, entry for February 24, 2010. |
| 49. The entry for March 16, 2010 reflects that no loan documents had been received from Plaintiff.  A request was sent to have the Subject Loan classified as being breached and a request was to be made to have the loan placed in foreclosure. | 49.  Weller Decl., ¶ 20, and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001051, entries for March 16, 2010. |
| 50. On or about March 30, 2010, the Plaintiff called and the loan servicing agent informed Plaintiff of the status of the Subject Loan and explored whether a workout solution was feasible. (The acronym "ER Workout Sol" stands for "early resolution workout solicitation".) However, the Plaintiff at that time was | 50. Weller Decl., ¶ 21 and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001048, entries for March 30, 2010. |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| uncooperative and unconcerned.  The loan servicer noted that the Plaintiff "cannot commit to pay", and Plaintiff was "gathering details on RFD & FNCLS to further [review] the situation."  The Plaintiff was not prepared "to answer the financial questions." (The acronym "RFD" stands for "reason for default" and the acronym for "FNCLS" stands for the borrower's current "financials".) | |
| 51. On April 22, 2010, a loan servicer left a message on Plaintiff's cell phone to call. | 51. Weller Decl., ¶ 22, and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001048, entries for April 22, 2010. |
| 52. On or about April 29, 2010, a loan servicing agent contacted the Plaintiff, who hung up. | 52. Weller Decl., ¶ 23 and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001047, entries for April 29, 2010. |
| 53. On or about May 4, 2010, the loan servicing unit received an incomplete third party authorization from the Plaintiff and a letter was mailed to the borrower. | 53. Weller Decl., ¶ 24 and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001047, entry for May 4, 2010. |
| 54. On or about June 12, 2010, a loan servicing agent received a call from Plaintiff, who called to explore options to avoid foreclosure, and the agent | 54. Weller Decl., ¶ 25, and copy of Consolidated Notes Log attached thereto as Exhibit "8", page 001047, entries for June 12, 2010. |

3192364.1 -- AL109.W1642

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| advised Plaintiff to request a modification of the Subject Loan. | |
| 55. On August 4, 2010, a representative of the loss mitigation unit spoke to the Plaintiff to inform him of the state of the Subject Loan's account.  The Plaintiff informed that he was self-employed, and he advised that he had obtained an extension to file his 2009 tax return.  The Loss Mitigation representative advised what documents were required to be submitted on behalf of a loan modification request, including the most recent complete business and personal bank statements, and a profit and loss statement for the current year.  The representative attempted to obtain a time frame as to when the documents would be submitted.  However, the Plaintiff could not give him a realistic time period as to when the documents would be submitted.  Plaintiff informed that he would be the point of contact for the interior appraisal. | 55. Weller Decl., ¶ 26, and copy of Loss Mitigation Notes attached thereto as Exhibit "9", page 001013, entries for August 4, 2010. |
| 56. Between August 10, 2010 to September 22, 2010, documents were collected in support of the loan modification review, and on September | 56. Weller Decl., ¶ 27, and copy of Loss Mitigation Notes attached thereto as Exhibit "9", pages 001011 - 001007, entries for August 10, 2010 to |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

| | |
|---|---|
| 22, 2010, the loan modification file was submitted to an underwriter for review. | September 22, 2010. |
| 57. The September 20, 2010 entry states that Plaintiff filed for bankruptcy. | 57. Weller Decl., ¶ 28 and copy of Loss Mitigation Notes attached thereto as Exhibit "9", page 00108, entry for September 20, 2010. |
| 58. On September 22, 2010, Plaintiff's file was reclassified as bankruptcy loss mitigation file. | 58. Weller Decl., ¶ 29, and copy of Loss Mitigation Notes attached thereto as Exhibit "9", page 00107, entry for September 22, 2010. |
| 59. Also on September 22, 2010, a telephone call was received from Plaintiff informing that information was requested in regard to a short sale of the Subject Property. | 59. Weller Decl., ¶ 30 and copy of Loss Mitigation Notes attached thereto as Exhibit "9", page 00107, entry for September 22, 2010. |
| 60. Later on September 22, 2010, the Plaintiff called and wanted to know what his options were.  The representative informed Plaintiff that a short sale was an option if he had been denied a loan modification.  Plaintiff informed that he would like to refinance and the representative transferred him to another representative's voice mail. | 60. Weller Decl., ¶ 31 and copy of Loss Mitigation Notes attached thereto as Exhibit "9", page 00106, entry for September 22, 2010. |
| 61. On September 23, 2010, the Plaintiff inquired what he needed to do for a short sale.  Plaintiff again asked regarding his | 61. Weller Decl., ¶ 32, and copy of Loss Mitigation Notes attached thereto as Exhibit "9", page 00106, entry for |

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

19
SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

| | |
|---|---|
| options. Plaintiff was informed that he would need to file a motion releasing the Subject Property from the bankruptcy estate if the Subject Property was to be eligible for a short sale. Plaintiff informed that he would speak with his lawyer. Plaintiff informed that he had received a letter informing him that he had been denied for a loan modification because of the high balance on the Subject Loan. The representative stated that he would send an e-mail to his superior so that the short sale department could contact Plaintiff regarding his request. | September 23, 2010. |
| 62. Any contacts made by JPMorgan directly to Plaintiff concerning a workout of the Subject Loan ceased when the action herein was filed on October 29, 2010. | 62. Weller Decl., ¶ 33. |
| 63. At present, the Subject Loan is still due for the November 1, 2009 payment as well all subsequent payments thereafter. | 63. Weller Decl., ¶ 34. |
| 64. To date, Plaintiff has not tendered or offered to tender the entire amount of indebtedness owing under the DOT. | 64. Weller Decl., ¶ 35; Tannatt Decl., ¶ 4, and attached thereto as Exhibit "4" a copy of Plaintiff's Depo., pg. 22, ll. 2 – 13. |

20

3192364.1 -- AL109.W1642

| | |
|---|---|
| 65. To date, no trustee's sale has occurred in this case. | 65. Weller Decl., ¶ 36. |
| 66. At Plaintiff's Deposition, Plaintiff lacked any information that the Subject Loan had been sold to a securitized trust. | 66. Tannatt Decl., ¶ 4, and copy of Plaintiff's Depo. attached thereto as Exhibit "4", pg. 23, ll. 5 – 25; pg. 24, ll. 5 – 13 and ll. 14 – 22; pg.; 26, ll. 10 – 25; pg. 28, ll. 7 – 18. |

DATED:  June 21, 2012

ALVARADOSMITH
A Professional Corporation


By: /s/ Michael B. Tannatt_____
       THEODORE E. BACON
       DAVID J. MASUTANI
       MICHAEL B. TANNATT
       Attorneys for Defendants
       JPMORGAN CHASE BANK, N. A.

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS

3192364.1 -- AL109.W1642