DOUGLAS GILLIES, ESQ.  (CA 53602)
douglasgillies@gmail.com
3756 Torino Drive
Santa Barbara, CA 93105
(805) 682-7033

Attorney for Plaintiff
DARYOUSH JAVAHERI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYOUSH JAVAHERI,<br><br>              Plaintiff,<br><br>     v.<br><br>JPMORGAN CHASE BANK N.A., and DOES 1-10, inclusive,<br><br>              Defendants. | Case No. CV 10-8185-ODW (FFM)<br><br>[Consolidated with Case No. CV11-10072-ODW(FFM)]<br><br>JUDGE:  Hon. Otis D. Wright II<br><br>REQUEST FOR LEAVE TO FILE DECLARATION OF DOUGLAS GILLIES IN SUR-REPLY TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>DATE: November 26, 2012<br>TIME: 1:30 PM<br>CRTRM: 11<br><br>Action Filed: December 5, 2011<br>Trial Date: January 15, 2013 |

1
2   Plaintiff requests leave of court to file the Declaration of Douglas Gillies in
3   Opposition to Defendant's Motion for Partial Summary Judgment, attached hereto as
4   Exhibit "1," on the grounds stated in the declaration.
5
6   Date: November 19, 2012                     Respectfully submitted,
7
8
9                                               /s/_____
10                                              Douglas Gillies
                                                Attorney for Plaintiff Daryoush Javaheri
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

DOUGLAS GILLIES, ESQ.  (CA 53602)
douglasgillies@gmail.com
3756 Torino Drive
Santa Barbara, CA 93105
(805) 682-7033

Attorney for Plaintiff
DARYOUSH JAVAHERI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYOUSH JAVAHERI,<br><br>                Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK N.A., and DOES 1-10, inclusive,<br>                Defendants. | Case No. CV 10-8185-ODW (FFM)<br><br>[Consolidated with Case No. CV11-10072-ODW(FFM)]<br><br>JUDGE:  Hon. Otis D. Wright II<br><br>DECLARATION OF DOUGLAS GILLIES IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>DATE: November 26, 2012<br>TIME: 1:30 PM<br>CRTRM: 11<br><br>Action Filed: December 5, 2011<br>Trial Date: January 15, 2013 |

Douglas Gillies declares:

1.  I am attorney of record for Plaintiff Daryoush Javaheri. I have been duly admitted to practice law in the State of California and in the United States District

1  Court, Central District of California, and if called as a witness in this matter, I am
2  competent to testify of my own personal knowledge, to the best of my recollection, as
3  to the matters set forth in this declaration.
4      2.  A cacd_ecf email with links to defendant JPMorgan Chase's Motion for
5  Summary Judgment was generated on October 29, 2012, at 5:32 PM, as Hurricane
6  Sandy made landfall on the Jersey Shore. I reviewed the ecf email linked to Chase's
7  moving papers on Tuesday, October 30. Chase had six months to draft its motion for
8  summary judgment. Plaintiff had six days to file his Opposition 21 days before the
9  hearing.
10     3. I purchased a report of public records from William Paatalo in February 2012 to
11 assist me in identifying the registered security or securities into which Plaintiff's Note
12 may have been placed. I had no intention of using Mr. Paatalo as an expert witness to
13 testify in this matter, appear on behalf of Plaintiff, or represent Plaintiff in any
14 capacity.
15     4. After receiving Chase's Motion for Summary Judgment, I requested Mr.
16 Paatalo's assistance to rebut or contradict evidence identified in Chase's motion. After
17 reading Chase's motion I decided to use Mr. Paatalo in the presentation of Plaintiff's
18 case.
19     5. I was surprised by Mr. Masutani's revelation in Chase's Points and Authorities
20 that Chase recorded an Assignment of Deed of Trust on May 20, 2010, "in which
21 JPMorgan assigned the beneficial interest in the DOT it acquired from the FDIC, *if*
22 *any*, to Bank of America" even though "JPMorgan did not claim to hold an actual
23 beneficial interest in the DOT since WaMu had transferred the Loan to the 2007-HY1
24 Trust before September 25, 2008" because "it could appear to the general public, based
25 upon the recorded public records, that JPMorgan was the then-current beneficiary
26 under the DOT." (Doc. 102, p. 5:22-28).
27     6.  This scenario was supported by the Declaration of Roberto Silva, a research
28 specialist, who offered no foundation for those "facts" in paragraph 12 of his

1 declaration (Doc 103, p. 5) other than that "it could appear to the general public, based
2 upon the recorded public records, that JPMorgan was the then-current beneficiary
3 under the DOT."

4     7. I received Mr. Paatalo's declaration on November 5, 2012. On November 5, I
5 served Mr. Paatalo's declaration on Chase (Document 107) disclosing his identity and
6 providing Chase with a written report prepared and signed by Mr. Paatalo containing
7 (i) the opinions Mr. Paatalo will express and the basis and reasons for them; (ii) facts
8 or data considered by Mr. Paatalo in forming them; (iii) exhibits used to summarize or
9 support them; and (iv) Mr. Paatalo's qualifications, as required by Rule 26.01
10 (a)(2)(D)(ii) and 26.01(a)(3). The disclosure under Rule 26(a) was in writing, signed,
11 and served.

12     8. I cannot conceive that any prejudice was caused by the lapse of a few hours
13 between my receipt of the Paatalo declaration and the electronic filing and service of
14 his declaration on Chase. On the other hand, Chase has demonstrated a pattern of
15 disregard for all witness disclosure requirements that borders on contempt.

16     9. In its Initial Disclosures dated June 19, 2012, Chase disclosed:
17         I. WITNESSES
18         Pursuant to Rule 26(a)(1)(A) of the FRCP, and subject to the Preliminary
19         Statement, Defendants identify the following witnesses:
20         1. Person most knowledgeable of JPMorgan, c/o AlvaradoSmith, a
21         Professional Corporation, 633 W. Fifth Street, Suite 1100, Los Angeles, CA.
22         2. Person most knowledgeable of CRC, c/o AlvaradoSmith, a Professional
23         Corporation, 633 W. Fifth Street, Suite 1100, Los Angeles, California.
24

25     10. Plaintiff's first set of interrogatories to Chase served on September 6, 2012,
26 requested the names of Chase's witnesses:
27     Interrogatory No. 1.  Identify **the name, the address and telephone**
28     **number of each individual likely to have discoverable information—**

1  **along with the subjects of that information—that Chase may use to**
2  **support its claims or defenses.**
3  Chase objected that the interrogatory was "vague, ambiguous, too general and
4  overly broad as phrased and in scope." Then Chase responded, "JPMorgan will not
5  respond to this interrogatory."
6  Federal Rule of Civil Procedure 26 (a) states:
7  REQUIRED DISCLOSURES.
8  (1) Initial Disclosure.
9  (A) In General. Except as exempted by Rule 26(a)(1)(B) or
10  as otherwise stipulated or ordered by the court, a party
11  must, without awaiting a discovery request, provide to the
12  other parties:
13  (i) **the name and, if known, the address and telephone**
14  **number of each individual likely to have discoverable**
15  **information—along with the subjects of that information—**
16  **that the disclosing party may use to support its**
17  **claims or defenses**, unless the use would be solely for
18  impeachment;
19  The objection raised by Chase defies the exact language of the FRCP 26 (a).
20  11.  Chase argues that the parties were required to provide expert witness
21  disclosures by October 17, 2012, 90 days before trial. Chase received the Paatalo
22  declaration on November 5, 2012 – a mere 17 days after that date. On this basis Chase
23  moves to strike the declaration of Mr. Paalato even though Chase has not yet provided
24  Plaintiff with any expert witness disclosures.
25  12.  I did not anticipate using Mr. Paalato as a witness until I received Chase's
26  motion for summary judgment. FRCP 26.01(a)(2)(D)(ii) provides that if the evidence
27  is intended to contradict or rebut evidence identified by another party, a party must
28  disclose the expert testimony within 30 days after the other party's disclosure.

1  13.  Chase has not disclosed any expert witnesses, but on October 29, 2012, it disclosed its puzzling rationale for recording an assignment of beneficial interest on May 20, 2010, when it didn't have any beneficial interest, in order to reassure the general public that it didn't have that beneficial interest because "it could appear to the general public, based upon (unspecified) recorded public documents, that JPMorgan was the then-current beneficiary under the DOT." (Doc. 102, p. 5:22-28).

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 19, 2012, in Santa Barbara, California.

/s/_____
Douglas Gillies
Attorney for Plaintiff Daryoush Javaheri